## ORR *v.* SOUTHERN ACCEPTANCE COMPANY.

1. The act of the legislature of 1925 (Acts 1925, pp. 370, 386, sec. 2), which provides that, "before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for a new trial must be made before the judge trying the case, and his judgment thereon must be reviewed by the appellate division of said court in the manner herein provided, and the writ of certiorari shall lie only to the final judgment of the appellate division of said

Certiorari, 11 C. J. p. 95, n. 25; p. 113, n. 75.

court," is not unconstitutional as denying the right of the writ of certiorari.

2. The court did not err in denying the writ of certiorari.

No. 5155.  June 23, 1926.

Petition for certiorari.  Before Judge Bell.  Fulton superior court.  October 28, 1925.

*Noah J. Stone,* for plaintiff in error.

*Bryan & Middlebrooks, John A. Dunaway, C. B. Shelton,* and *Beck & Beck,* contra.

Hill, J.  Mrs. L. B. Orr presented to Hon. George L. Bell, judge of the superior court of the Atlanta circuit, a petition for certiorari to review the judgment and ruling of Hon. L. F. Mc-Clelland, one of the judges of the municipal court of Atlanta (Fulton section), praying that the petition for certiorari be sanctioned and the writ issued as provided by law.  Judge Bell refused to sanction the petition and denied the writ of certiorari; and in doing so he rendered the following judgment:  "The petition for certiorari read and considered.  Sanction of same is hereby denied, because it appears from said petition that it is brought to review the ruling and judgment of the trial judge in the municipal court of Atlanta (Fulton section), without first making a motion for a new trial and entering an appeal to the appellate division of said municipal court of Atlanta (Fulton section), as required by section two (2) of the act of the legislature of Georgia, 1925, approved July 31, 1925."  This judgment is assigned as error on the ground that section 2 of the act of the legislature of Georgia, approved July 31, 1925, entitled an act to amend the various acts creating the municipal court of Atlanta, is unconstitutional, null and void, in that it violates art. 6, sec. 4, par. 5, of the constitution of the State of Georgia, and Civil Code (1910), §§ 4849 (4), 5180, 5183, for the reason that it denies to plaintiff in error her constitutional right to review the judgment of an inferior judicatory by writ of certiorari to the superior court, and especially the trial judge of the municipal court of Atlanta, upon any judgment or order passed upon pleadings in the case.

The act of 1925 (Acts 1925, pp. 370, 386, sec. 2) provides:  "Before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for a new trial must be made before the judge trying the case, and his

judgment thereon must be reviewed by the appellate division of said court in the manner herein provided, and the writ of certiorari shall lie only to the final judgment of the appellate division of said court." It is insisted that there is no provision in the act of 1925 giving the appellate division of the municipal court of Atlanta authority or jurisdiction to review a judgment, order, or ruling of the trial judge in said court upon any question as to pleadings in said case, and one of the assignments of error in the petition for certiorari in this case was the striking of the answer of the defendant, now plaintiff in error.

We are of the opinion that the contention of the plaintiff in error is without merit. The effect of the act of 1925, supra, is merely to provide that the remedy of certiorari from the municipal court of Atlanta to the superior court is available only after the losing party has exhausted his remedies in the municipal court. Among the remedies in the municipal court is the right to make a motion for new trial in that court, and an appeal to the appellate division of the municipal court. After that has been done, and the judgment has been rendered by the appellate division, the act of 1925 authorizes the additional remedy of certiorari from that final judgment to the superior court. In no sense does the act of 1925 deprive or undertake to deprive a party of the constitutional privilege of certiorari. Thus construed the act of 1925 is amply authorized by the amendment to the constitution providing for the establishment of the municipal court of Atlanta. Section 1 of the act of the legislature of 1912 (Acts 1912, p. 30), amending the constitution of the State, authorized the legislature to pass such laws as to "procedure in such courts, and as to new trials and the correction of errors in and by said courts, and with such further provisions for the correction of errors by the superior court, or the Court of Appeals, or the Supreme Court, as the General Assembly may from time to time, in its discretion, provide or authorize," etc. It will thus be seen that the language of the constitution is sufficiently broad to authorize the legislature to pass the act of 1925, supra. See *Perry* v. *Tumlin*, 161 *Ga.* 392 (131 S. E. 70). This case is unlike the cases of *Archie* v. *State*, 99 *Ga.* 23 (25 S. E. 612), and *Maxwell* v. *Tumlin*, 79 *Ga.* 570 (4 S. E. 858). Those cases were based upon the statute creating the city court of Cartersville, and not upon a con-

stitutional provision which is broad enough to authorize the act under review.    *Judgment affirmed.    All the Justices concur.*