### 17725.   HOLLOMAN v. SOUTHLAND LOAN & INVESTMENT COMPANY.

JENKINS, P. J.   1. Under the ruling of this court in *Crider* v. *Hughes*, 36 *Ga. App.* 82 (135 S. E. 491), based upon the decision of the Supreme Court in *Orr* v. *Southern Acceptance Co.*, 162 *Ga.* 400 (134 S. E. 80), an original judgment by one of the judges of the municipal court of Atlanta can not be reviewed by certiorari, but an appeal from such a judgment must be taken under the provisions of the act approved July 31, 1925 (Ga. L. 1925, pp. 370, 386, § 2). Accordingly, the second count of the petition for certiorari in the instant case, to review the original judgment of the trial judge in the municipal court, was properly overruled.

2. Assuming, but not deciding, that an order of the trial judge of the municipal court of Atlanta, dismissing an appeal to the appellate division of that court, is not such a verdict, judgment, order, or ruling of the trial judge as that the writ of certiorari will not lie thereto unless such judgment is reviewed by the appellate division of the municipal court (Ga. L. 1925, pp. 370, 386, § 2; *Orr* v. *Southern Acceptance Co.*, supra; *Crider* v. *Hughes*, supra), yet where it appears that the order of the trial judge was based upon the failure of the appellant to comply with a rule of the court, and the rule is not set out in the petition for certiorari, or otherwise made a part of the record, it will be presumed that the court was within the rule in dismissing the appeal, and that the rule was in conformity with and not inconsistent with the terms of the act. *Beacham* v. *Kea*, 118 *Ga.* 406 (45 S. E. 398). Moreover, in any event, since it appears from the petition for certiorari that the trial judge refused to approve the brief of evidence as tendered, and since under the facts of the particular case the appeal to the appellate division without an approved brief of the evidence would have been of no effect, the petitioner appears not to have been harmed by the dismissal, even if it was erroneous. It follows, therefore, that this court will not reverse the judgment of the superior court overruling the first count of the petition for certiorari, which seeks to review the alleged error of the trial judge in the municipal court in dismissing the appeal to the appellate division of that court.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 11, 1927.   REHEARING DENIED JULY 14, 1927.

Certiorari; from Fulton superior court—Judge Howard. September 17, 1926.

STEPHENS, J., concurring specially. The act amending the municipal-court act, approved July 31, 1925 (Ga. L. 1925, pp. 370, 386, sec. 2), provides that "before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for a new trial must be made before the judge

Certiorari, 11 C. J. p. 208, n. 6.
Courts, 15 C. J. p. 987, n. 61.

trying the case, and his judgment thereon must be reviewed by the appellate division of said court in the manner herein provided, and the writ of certiorari shall lie only to the final judgment of the appellate division of said court." As I construe this provision, no ruling whatsoever of any judge of the municipal court of Atlanta can be corrected by certiorari except by first passing through the appellate division of that court. Since the writ of certiorari in the present case is not directed to a ruling of the appellate division of that court, the judge of the superior court properly dismissed the certiorari.

*Charles W. Anderson,* for plaintiff in error.

*Efurd & Phillips,* contra.