VON SCHMIDT *v.* NOLAND COMPANY INCORPORATED.

No. 9244. MARCH 18, 1933. REHEARING DENIED APRIL 15, 1933.

*Morris Macks* and *J. I. Hynds,* for plaintiff in error.
*E. Harold Sheats,* contra.

HILL, J. Noland Company Incorporated filed a bail-trover suit in the municipal court of Atlanta, DeKalb section, against Mrs. M. E. H. Von Schmidt, to recover certain plumbing equipment. The defendant filed several defenses, including an affidavit of illegality. The affidavit of illegality was dismissed on general demurrer. The judge heard evidence, and entered judgment, without a jury, in favor of the plaintiff. The defendant, by certiorari, carried the case to the superior court of DeKalb County, where it was dismissed on the ground that certiorari did not lie from a judgment of the municipal court of Atlanta, DeKalb section, rendered by the court without a jury, the proper remedy being an appeal to a jury, and, after adverse verdict, a motion for a new trial, from which ruling on a motion for new trial certiorari lies to the superior court. The defendant resisted the motion to dismiss the certiorari, on the grounds that only questions of law were involved in the case, making it unnecessary to appeal to a jury; and that the act of 1929 (Ga. L. 1929, p. 367), amending the act creating the municipal court of Atlanta, DeKalb section, is unconstitutional and void, in that it abridges the constitutional right of certiorari; that it is a special law and contravenes the general law of the State, being violative of art. 6, sec. 4, par. 5, of the constitution (Civil Code, § 6514), which

provides that the superior courts "shall have power to correct errors in inferior judicatories, by writ of certiorari, which shall only issue on the sanction of the judge," etc.; that it violates the general law in the Civil Code, § 5180, "The writ of certiorari will lie for the correction of errors committed by justices of the peace, . . . or any inferior judicatory, or any person exercising judicial powers;" that it violates the constitution, art. 1, sec. 1, par. 3 (Code, § 6359), which provides that "No person shall be deprived of life, liberty, or property, except by due process of law; that it violates art. 1, sec. 4, par. 1 (§ 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights shall be varied in any particular case by special legislation;" and that it violates art. 1, sec. 4, par. 2 (§ 6392), declaring that "Legislative acts in violation of this constitution, or the constitution of the United States, are void, and the judiciary shall so declare them."

The court held constitutional that part of the act of 1929 (Ga. L. 1929, p. 367), requiring that in the municipal court of Atlanta, DeKalb division, before certiorari proceedings are instituted a motion for new trial must be made. Under the constitutional amendment of 1912 (Ga. L. 1912, p. 30), the General Assembly was given authority to prescribe the procedure in county courts or courts taking the place of justices' courts in certain cities and counties. The act of 1929, supra, provides, among other things, in section 2: "New trials may be granted in the DeKalb division of the municipal court of Atlanta, on the same grounds upon which new trials may be granted in the superior courts of this State and according to the same procedure, except as it may hereinafter be provided. (a) No motion for new trial shall be made in this court or entertained by the judge thereof from a judgment rendered by the court without a jury, but the complaining party or his counsel may appeal to a jury in this court only, as in a justice court, but no appeal to a jury in the superior court shall lie regardless of the amount involved. . . (c) Should the judge decline to grant a new trial on said motion, he shall pass an order to that effect, then movant or complaining party may apply to the superior court of DeKalb County for writ of certiorari that said judgment may be reviewed."

The act of 1929 is constitutional, having been passed in pursuance of the constitutional amendment of 1912; and the court did not err in so holding. Similar acts regulating the procedure in the municipal court of Atlanta, Fulton division, have been held constitutional and not violative of the constitutional right of review by certiorari. In *Orr* v. *Southern Acceptance Co.*, 162 *Ga.* 400 (134 S. E. 80), it was held: "The act of the legislature of 1925 (Ga. L. 1925, pp. 370, 386, sec. 2), which provides that, 'before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for a new trial must be made before the judge trying the case, and his judgment thereon must be reviewed by the appellate division of said court . . ,' is not unconstitutional as denying the right of the writ of certiorari." And see *Crider* v. *Hughes*, 36 *Ga. App.* 82 (135 S. E. 491); *Holloman* v. *Southland Loan & Investment Co.*, 37 *Ga. App.* 10 (138 S. E. 862).

In the instant case the plaintiff in certiorari did not appeal to a jury in the municipal court, and did not move for a new trial, but instead undertook to take the case to the superior court by a direct petition for certiorari. She had an available remedy under the act of 1929, of which she did not avail herself; and she could not bring the petition for writ of certiorari until she had exhausted her remedies under the act. The court did not err in dismissing the petition for want of jurisdiction, and in holding that the act of 1929 was not unconstitutional for any reason assigned.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and ATKINSON, J., dissenting. This case is controlled by the decision in *Johnston* v. *Brenau College Conservatory*, 146 *Ga.* 182, in which it was held: "Certiorari is an available remedy to review a judgment rendered in the municipal court of Atlanta, without making an oral motion for a new trial before the judge trying the case, or without first taking an appeal to the appellate division of that court from the judgment of the trial judge refusing an oral motion for a new trial. . . There is nothing in the amendment to the constitution, ratified on October 2, 1912 (Acts 1912, p. 30), which abrogates the right of certiorari. Nor is there such necessary conflict between the constitutional provision conferring the right of certiorari and the amendment just mentioned as abrogates and repeals the right of certiorari. . . The method of review in the municipal court of Atlanta, provided by

the act of 1913 establishing that court (Acts 1913, p. 145) does not exclude the right of certiorari." The subsequent acts of the legislature (Ga. L. 1925, pp. 370, 386, sec. 2; Ga. L. 1929, p. 367) could not affect the constitution. The ruling in *Orr* v. *Southern Acceptance Co.*, 162 *Ga.* 401 (supra), must yield to the older decision.