ASPIRONAL LABORATORIES INCORPORATED *v.*
MALLINCKRODT CHEMICAL WORKS.

No. 10623.   APRIL 10, 1935.

*Bryan, Middlebrooks & Carter* and *John A. Dunaway,* for plaintiff in error.

*Hendrix & Buchanan, Clifford Hendrix,* and *George L. Sanders,* contra.

BELL, Justice.   This case originated in the municipal court of Atlanta, Fulton section, upon the suit of Mallinckrodt Chemical Works against Aspironal Laboratories Inc.   After verdict for the plaintiff, the defendant filed a motion for new trial, and upon a refusal of this motion presented to the superior court a petition for certiorari.   The petition was sanctioned, but was later dismissed on the theory that as to the municipal court of Atlanta, Fulton section, the writ of certiorari was abolished by section 42-A of the act of 1933.   Ga. L. 1933, p. 295.  The petitioner excepted, and brought the case to this court upon a constitutional question.   Section 42-A was challenged in the petition for certiorari, upon the ground that it is violative of article 6, section 4, paragraph 5, of the constitution of the State of Georgia, which declares that the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari."   Code of 1933, § 2-3205.

We agree with the petitioner in this contention.   The statute in question provided in express terms that "no writ of certiorari shall lie to any judgment, order, or ruling of a trial judge of the municipal court of Atlanta, Fulton section, or the appellate division of said court, but all such judgments, orders, and rulings shall be reviewed and corrected only in the manners and methods in this act pro-

vided." The validity of this provision depends upon the amendment to the constitution as proposed by the legislature in 1927 and duly ratified in the following year. Ga. L. 1927, pp. 117-120. This amendment provided that the General Assembly might abolish justices' courts and establish other courts in lieu thereof, in designated territory, and make "such provisions as to rules and procedure in such courts and as to new trials and the correction of errors in and by said courts, and with such further provision for the correction of errors by the superior court or the Court of Appeals or the Supreme Court as the General Assembly may, from time to time, in its discretion, provide or authorize." This amendment is not to be construed as repealing the constitutional provision by which the superior courts are vested with power to correct errors of inferior judicatories by the writ of certiorari (Code of 1933, § 2-3205, supra), and did not authorize the complete abolishment of this writ as attempted by the act of 1933.

The defendant in error contends that since the amendment of 1927, supra, is the latest expression of the people, it should be given effect, regardless of other constitutional provisions. In support of this contention the following cases are cited: *Hammond* v. *Clark,* 136 *Ga.* 313 (10) (71 S. E. 479, 38 L. R. A. (N. S.) 77); *McWilliams* v. *Smith,* 142 *Ga.* 209 (82 S. E. 569); *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278). The principle relied on is thus stated in *Hammond* v. *Clark,* supra: "If an amendment to the constitution has been proposed by the legislature, duly submitted to the voters of the State for ratification or rejection, and by them has been ratified, so that the amendment has become an integral part of the constitution, it can not be declared void on the ground that in some particular it does not accord with some other provision of the same instrument. . . The different provisions of the constitution should be harmonized, if practicable. If an amendment duly adopted necessarily conflicts with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification *pro tanto* of the former provision." The question here, however, is not whether the latest expression shall be given effect, but is whether such expression meant the abolishment of the writ of certiorari as to cases arising in the municipal court of Atlanta. Upon this question the present case can not be distinguished from *Empire Investment Co.*

v. *Hutchings,* 166 *Ga.* 749 (144 S. E. 209), where it was held: "In so far as the act (Ga. L. 1925, p. 463) amending the act (Ga. L. 1913, p. 252) creating the municipal court of Macon attempts to limit the jurisdiction of the superior court in the matter of granting writs of certiorari, it is unconstitutional and void." The statute there under consideration was claimed to be authorized by an amendment to the constitution adopted in 1912, the language of which, as will be seen from the following quotation, was identical in substance with that which has been cited above from the amendment of 1927. In the opinion in the *Hutchings* case it was said: "The clause in the amendment to the constitution as proposed by the act of 1912 (Acts 1912, p. 30), relating to abolition of justices' courts and establishment of other courts in lieu thereof, in the discretion of the General Assembly, which provides that the General Assembly may make 'such provisions as to rules and procedure in such courts as to new trials and correction of errors in and by said courts, and with such further provisions for the correction of errors by the superior court, or the Court of Appeals, or the Supreme Court, as the General Assembly may from time to time in its discretion provide or authorize,' is not to be construed as authorizing the General Assembly to cut down or limit the jurisdiction of the superior court to grant writs of certiorari in all cases coming under the above-quoted provision of the constitution. The provision of the act of 1912 would authorize the General Assembly, in creating courts as contemplated by the act, to provide legal machinery for correction of errors committed in the court by petition for certiorari to the superior court, but not to take away from the superior court any power which it originally had under the constitution." The amendment of 1927 is not necessarily inconsistent with the constitutional provision which expressly conferred upon the superior courts the "power to correct errors in inferior judicatories by writ of certiorari," and a qualification of this provision did not result by implication. Compare *Griffin* v. *Sisson,* supra; *Dixon* v. *Sable,* 147 *Ga.* 623 (95 S. E. 240). A statute which attempts a complete abolishment of the writ of certiorari with regard to the municipal court of Atlanta is subject to constitutional objections which do not apply to an act which merely provides that this remedy shall be "available only after the losing party has exhausted his remedies in the municipal court." *Orr* v. *Southern Acceptance Co.,* 162 *Ga.*

400 (134 S. E. 80); *Von Schmidt* v. *Noland Co.,* 176 *Ga.* 784 (169 S. E. 11). The conclusion reached in the instant case is not contrary to anything decided in *Dillon* v. *Continental Trust Co.,* 179 *Ga.* 198 (175 S. E. 652). The question now before the court was not presented in that case. Nor was the question raised in *Cable Piano Co.* v. *Williamson,* 49 *Ga. App.* 529 (176 S. E. 103). Otherwise, of course, the Court of Appeals would not have retained jurisdiction. Compare *Hutchings* v. *Roquemore,* 164 *Ga.* 637 (139 S. E. 216).

The judge of the superior court erred in sustaining the motion to dismiss the petition for certiorari, which was predicated on the act of 1933 (Ga. L. 1933, pp. 290-298, § 42-A).

*Judgment reversed. All the Justices concur.*