GAVANT *v.* BERGER, administratrix.

No. 10939. MARCH 28, 1936.

*Noah J. Stone* and *John L. Cone,* for plaintiff in error.
*Albert E. Mayer,* contra.

HUTCHESON, Justice. The Court of Appeals certified to this court two questions: (1) "Has the Court of Appeals jurisdiction to review by direct bill of exceptions a judgment of the appellate division of the municipal court of Atlanta, where the judgment of the appellate division sought to be reviewed is a final judgment dismissing an appeal to the appellate division from a judgment of a trial judge in that court, overruling a motion for new trial in a case where the amount of controversy, and for which a judgment for the plaintiff has been rendered, exclusive of interest, attorney's fees, and costs, was not less than $300, to wit, a judgment for $1900, exclusive of interest, attorney's fees, and costs?" (2) "Has the appellate division of the municipal court of Atlanta jurisdiction to entertain an appeal from a judgment rendered in the municipal court of Atlanta, where the amount involved, exclusive of interest, attorney's fees, and costs, is not less than $300, as where the judgment complained of is, exclusive of interest, attorney's fees, and costs, in the sum of $1900?"

Prior to the amendatory act of 1933 (Ga. Laws, 1933, p. 290) the exclusive method of review of the judgments, orders, and rulings of the municipal court of Atlanta, both trial and appellate divisions, other than the general law in reference to inferior courts, was provided in §§ 41, 42, and 2 of the act of 1925 (Ga. Laws 1925, p. 370), § 42 of the act of 1925 being the amendatory and substituted section for § 42 of the act of 1913 (Ga. Laws 1913,

p. 145) The title to the act of 1933 reads in part as follows: "An act to amend . . the acts of 1913, page 145 et seq., and to amend an act amendatory thereto, . . which appears in the acts of 1925, page 370 et seq. The sections of said act herein amended are §§ 36, 37, and 42 of the said act of 1913, as amended by the said act of 1925, and as thereafter amended." Section 1 of the act of 1933 reads in part as follows: "the act of 1913, page 145 et seq., and all acts amendatory thereto, and as amended by the act of 1925, . . be and the same are hereby amended by striking § 42 of the said act approved August 13th, 1913, as amended, and inserting in lieu thereof a new section to be known as § 42 to read as follows." It appears from the above-quoted excerpts from the title and section 1 of the act of 1933 that § 42 of the act of 1913 as amended by the act of 1925, to wit, § 42 of the act of 1925, is repealed and § 42 of the act of 1933 substituted therefor.

Section 41 of the act of 1925 was not repealed by the act of 1933, and reads as follows: "Be it further enacted by the authority aforesaid, and it is hereby enacted by authority of the same, that there shall be an appellate division of said court for the rehearing of matters arising on civil causes therein, and with power to grant or refuse new trials and render final judgments in cases brought to said appellate division as herein provided. Said appellate division shall consist of three judges of said court to be designated by the Chief Judge of said court, none of which shall be the trial judge whose judgment is being appealed from. Said appellate division shall sit as often as may be necessary to dispose of all cases appealed thereto." This section creates the appellate division of the municipal court of Atlanta, and defines its jurisdiction to cases brought to said appellate division *as in the act provided*. While § 41 of the act of 1925 does not within itself restrict the right, manner, or circumstances under which an appeal may be made to the appellate division created therein, it does restrict the exercise of appellate jurisdiction to those cases brought to the appellate division "as herein provided." Section 42 of the act of 1925 provided how cases should be brought to the appellate division. Section 42 of the act of 1925 having been repealed by the act of 1933, § 42 of the act of 1933, which was substituted for § 42 of the act of 1925, must be looked to in determining what

cases may be brought to the appellate division. The title to the act of 1933, in stating the purposes of the act, reads in part as follows: "to provide for the correction of errors of the trial judge of said court; to provide for appeals from the judgments, orders, and rulings of the trial judges of said court to the appellate division thereof in all cases where the amount involved, exclusive of interest, attorney's fees and costs, is less than three hundred dollars; . . to provide for the review of the judgments, orders, and rulings of the trial judges of said court by bills of exceptions to the Court of Appeals and the Supreme Court in all cases where the amount involved, exclusive of interest, attorney's fees, and costs, is three hundred dollars or more." Section 42 of the act of 1925 and the amendatory § 42 of the act of 1933 are in some respects the same, some of the subsections are identical, some are the same with the exception of slight changes in words or phrases, some are the same with the exception that certain provisions have been left out and new provisions inserted, some subsections have been left out entirely, and new subsections have been added. These changes, additions, and revisions, in the light of the old section, must be looked to in determining the intent of the legislative body.

The first portion of § 42 of the act of 1933 is the same as that of the act of 1925, and reads as follows: "Section 42. Be it enacted by the authority aforesaid, and it is hereby enacted by authority of the same, that new trials may be granted in said court upon the same grounds upon which new trials may be granted in the superior courts of this State, . . except as it may be hereinafter provided." Subsection 42(a) of the act of 1933 reads the same as that of the act of 1925, except that where provision is made in the act of 1925 for oral motions for new trial "where the amount sued for, or the value of the property claimed, is for the sum of not more than five hundred dollars principal," the act of 1933 reads "where the amount involved . . is less than three hundred dollars." Certain other provisions of subsection 42(a) of the act of 1925, not pertinent to the question here, were omitted by the act of 1933.

Subsection 42(b) of the act of 1925 provides that should the judge decline to grant the oral or written motion for new trial, as the case may be, he shall pass an order to that effect, "and ap-

peal shall lie therefrom to the appellate division of said court upon any ground of new trial which would be ground for new trial in the superior court." Subsection 42(b) of the act of 1933 reads the same, with the exception that the quoted portion above of the act of 1925 is omitted and the following substituted therefor: "All rulings of the trial court which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of, and ordered filed and transmitted to the appellate division of said court or to the Court of Appeals or the Supreme Court, *as the case may be, as hereinafter provided* for in case of appeals to the said appellate division or bills of exceptions to the Court of Appeals or the Supreme Court." (Italics ours.)

Subsection 42(c) of the act of 1933 is new, and provides: "In all cases wherein the amount involved, exclusive of interest, attorney's fees and costs, is less than three hundred dollars, an appeal shall lie from the order overruling or refusing the motion for new trial or the final order or judgment of the trial judge, as the case may be, to the appellate division of said court; provided, however, that no appeal shall lie to the appellate division upon the first grant of a new trial by the trial judge."

Subsection 42(c) of the act of 1925 provides a method of appeal to the appellate division "from the order denying new trial." Subsection 42(d) of the act of 1933 is the same, except it provides method of appeal to the appellate division "from the order denying a new trial, *or from a final order or judgment of the trial judge*" (italics ours), and changes the time of filing a written statement of the grounds of the motion and the errors complained of from ten days to fifteen days.

Subsection 42(e) of the act of 1925 provides that "when the brief of evidence shall be approved, the clerk shall forthwith enter the case upon the docket of the appellate division of said court," etc. Subsection 42(e) of the act of 1933 is the same, except the words "brief of evidence shall be approved" were changed to read "appeal is certified."

Subsection 42(f) of the act of 1925 provides that the presiding judge shall pass an order overruling or sustaining said "motion." Subsection 42(f) of the act of 1933 changes the word "motion" to "appeal."

Subsection 42(h) of the act of 1933 is new, and provides: "In all cases wherein the amount involved, exclusive of interest, attorney's fees, and costs, is three hundred dollars or more, the order overruling or refusing the motion for new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, in the same manner as judgments and orders of the superior court are now reviewed, and in such cases the trial judge shall have the same powers and duties respecting supersedeas as the judges of the superior courts now have."

Section 42 of the act of 1925 provided for review of the rulings of the trial judge by motion for new trial and appeal to the appellate division upon the order overruling the motion for new trial in all cases, regardless of amount. With this in mind it clearly appears that the changes made by the act of 1933, allowing appeal by bill of exceptions from the trial court to the appellate division, or the Court of Appeals or the Supreme Court, the provision for appeal to the appellate division, not only from an order denying a motion for new trial, but from a final order, judgment, or ruling of the trial court, in connection with subsections 42(c) and 42(h) of the act of 1933, and in the light of the purposes as stated in the title to the act of 1933, limit all cases where the amount involved is less than $300 to review by the appellate division, and in all cases where the amount involved is $300 or more to review by the Court of Appeals or the Supreme Court. While the language of § 42 of the act of 1933 is not, in some instances, entirely clear, the language of the act as a whole, in connection with the provisions of § 42 of the act of 1925, lead to the construction placed thereon.

The plaintiff in error contends that § 2 of the act of 1925, which limits the right of certiorari only to the final judgment of the appellate division, is still of force and effect, and that to construe the act of 1933 as restricting the right of appeal where the amount involved is $300 or more, etc., to the Court of Appeals or the Supreme Court, will make the act of 1933 unconstitutional, in

that it would deny the right of certiorari in such cases; and that the court should construe the act of 1933 as cumulative of the act of 1925, it being the duty of this court to construe an act of the General Assembly as constitutional if the act is subject to that construction. The act of 1913 which carried into effect the constitutional amendment of 1912 (Ga. Laws 1912, p. 30), establishing the municipal court of Atlanta, was amended by the act of 1925. The act of 1925 struck § 42 of the act of 1913, and enacted in lieu thereof a new section 42. Section 42 of the act of 1925 provides a method of appeal to the appellate division of said court by motion for new trial and appeal from the order overruling or refusing said motion, regardless of the amount involved. Section 2 of the act of 1925 provides that "before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for new trial must be made before the judge trying the case, and his judgment thereon must be reviewed by the appellate division of said court in the manner herein provided, and the writ of certiorari shall lie only to the final judgment of the appellate division of said court." In *Orr* v. *Southern Acceptance Co.,* 162 *Ga.* 400 (134 S. E. 80), this section was held constitutional as not violative of art. 6, sec. 4, par. 5, of the constitution of the State of Georgia, and Civil Code of 1910, §§ 4849 (4), 5180, and 5183; and in so holding the court said: "The effect of the act of 1925, supra, is merely to provide that the remedy of certiorari from the municipal court of Atlanta to the superior court is available only after the losing party has exhausted his remedies in the municipal court. Among the remedies in the municipal court is the right to make a motion for new trial in that court, and an appeal to the appellate division of the municipal court."

The act of 1933 amended the act of 1925 by "striking section 2 thereof." It further enacted "two new sections to be known as sections 42A and 42B" to be added to "said act of 1913," as follows: That "no writ of certiorari shall lie to any judgment, order, or ruling of the trial judge of the municipal court of Atlanta, Fulton section, or the appellate division of said court; but all such judgments, orders, and rulings shall be reviewed and corrected only in the manners and methods in this act provided," and "that should the provisions of section 42A, abolishing the

writ of certiorari to the judgments, orders, and rulings of said court, be held unconstitutional for any reason, it shall not affect the provisions of the other sections of this act; and in such event the provisions of this act providing for the review of the judg-ments, orders, and rulings of the trial judge and the appellate division of said court by bills of exception to the Court of Appeals or the Supreme Court shall be cumulative and in addition to the right of certiorari." Section 42A of the act of 1933 was held unconstitutional by this court, in *Aspironal Laboratories Inc.* v. *Mallinckrodt Chemical Works,* 180 *Ga.* 544 (179 S. E. 709). The act of 1933 expressly struck § 2 of the act of 1925 and did not enact any other section "in lieu thereof." Sections 42A and 42B were "further enacted" and "added to" the act of 1913, and were not substitute sections for § 2 of the act of 1925. Therefore the action of the court in holding § 42A of the act of 1933 unconstitutional did not have the effect of reënacting § 2 of the act of 1925; and a party who wishes to complain of a judgment, order, or ruling of the trial judge of the municipal court of Atlanta, Fulton section, may proceed by certiorari to the superior court under the general law in reference to certiorari from inferior courts. See Code of 1933, §§ 19-101, 19-203.

It follows from what has been said that both of the questions propounded by the Court of Appeals should be answered in the negative.                    *All the Justices concur.*

RUSSELL, Chief Justice, concurring specially. Since the questions propounded by the Court of Appeals are plainly applicable only to a case involving over $300, I concur in the judgment that the questions propounded should be answered in the negative; but I do not concur in the language used in the opinion, for this, as written, "limits all cases where the amount involved is less than $300 to review by the appellate division," for the remainder of the opinion simply refers to cases "where the amount involved is $300 or more." The Court of Appeals did not ask any question involving the rights of a litigant in the municipal court who may have a claim of less than $300, and the Court of Appeals is not asking for information upon that subject. This court held, in *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490), that it would in no case go out of the question propounded by the Court of Appeals to decide a question which might be answered differently

had a different question been propounded; and I am bound by that decision. If in the opinion of the majority the rule there laid down is unsound, then I must dissent from so much of the opinion as proposes to deprive a litigant whose claim is less than $300 of the right to appeal to either the Court of Appeals or the Supreme Court, as the facts of the case may make either proper, and also deprives him of the right of the writ of certiorari in case he does not appeal to the appellate division of the municipal court. Under the language used in the opinion, the appeal to the appellate division makes its judgment a finality, from which there is no escape by review of any kind.