CITY INVESTMENT COMPANY *v.* CRAWLEY.

No. 12334. NOVEMBER 15, 1938.

*Ezra E. Phillips,* for plaintiff.

*Thomas B. Clarkson* and *Noah J. Stone,* for defendant.

GRICE, Justice. ■ The Court of Appeals desires instruction from the Supreme Court upon the following questions:

"1. Where a case is tried in the municipal court of Atlanta, DeKalb division, and a verdict and judgment are rendered therein, can the losing party, within thirty days from the rendition of the verdict and judgment, legally carry the case by certiorari to the superior court of DeKalb County by properly excepting to such verdict and judgment, without first making a motion for new trial, as prescribed by the act of 1929 (Ga. L. 1929, p. 368, sec. 2(b), (c)). See *Johnston* v. *Brenau College,* 146 *Ga.* 182 (91 S. E. 85); *Young* v. *Broyles,* 16 *Ga. App.* 356 (85 S. E. 366); *Johnson* v. *James,* 19 *Ga. App.* 118 (91 S. E. 220); *Louisville & Nashville Railroad Co.* v. *Lovelace,* 24 *Ga. App.* 616 (101 S. E. 718); *Louisville & Nashville Railroad Co.* v. *Lovelace,* 26 *Ga. App.* 286 (106 S. E. 6); *Wrenn* v. *Bowden,* 56 *Ga. App.* 713 (193 S. E. 456); *Orr* v. *Southern Acceptance Co.,* 162 *Ga.* 400 (134 S. E. 80); *Von Schmidt* v. *Noland Co.,* 176 *Ga.* 784 (169 S. E. 11); *Crider* v. *Hughes,* 36 *Ga. App.* 82 (135 S. E. 491); *Holloman* v. *Southland Loan & Investment Co.,* 37 *Ga. App.* 10 (138 S. E. 862).

"2. Where a case is tried in the municipal court of Atlanta, DeKalb division, and a verdict and judgment are rendered, can the losing party legally except to such verdict and judgment by filing a written motion for new trial thereto thirteen days after the rendition of such verdict and judgment, but during the same term of court at which the verdict and judgment were rendered? See Ga. L. 1929, p. 368, sec. 2(a), (b)."

The provision of the statute law pertinent to the inquiry is section 2 of the act approved August 1, 1929 (Ga. L. 1929, pp. 367 et seq.), which reads as follows:

"Sec. 2. Be it further enacted by the authority aforesaid, that new trials may be granted in the DeKalb division of the municipal court of Atlanta on the same grounds upon which new trials may be granted in the superior courts of this State and according to the

same procedure, except as it may hereinafter be provided.

"(a)   No motion for new trial shall be made in this court or entertained by the judge thereof from a judgment rendered by the court without a jury, but the complaining party or his counsel may appeal to a jury in this court only, as in a justice court; but no appeal to a jury in the superior court shall lie regardless of the amount involved.

"(b)   Upon the rendition of a verdict of a jury in the DeKalb division of the municipal court of Atlanta, either party to said cause, or his counsel, may make an oral motion, then and there, for a new trial in said court, and said motion may be heard by the court instanter or at some future date as the court in its discretion may set for a hearing thereof, and no brief of evidence shall be necessary to hear and determine said motion.   Should the court grant said motion upon any ground, there shall be no appeal from such judgment granting a new trial and the case shall stand for new trial de novo.

"(c)   Should the judge decline to grant a new trial on said motion, he shall pass an order to that effect, then movant or complaining party may apply to the superior court of DeKalb County for writ of certiorari that said judgment may be reviewed."

The common-law writ of certiorari is an ancient one.   In England it is issued out of chancery or the king's bench, directed in the king's name to the judges or officers of an inferior court, commanding them to return the record of a cause pending before them, so that the party might have a review of the proceedings.   5 R. C. L., Certiorari, par. 2, and the authorities cited in the note. With us, the right of certiorari is a constitutional right (par. 5 of sec. 4 of art. 6; Code, § 2-3205).   It exists independently of any statute.   *Livingston* v. *Livingston,* 24 *Ga.* 397; *Smith* v. *Joiner,* 27 *Ga.* 65.   The constitution having expressly declared that the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari," no statute can take such power away from them.   *McElhannon* v. *State,* 112 *Ga.* 221, 223 (37 S. E. 402).   It is not necessary for us to decide whether or not the General Assembly has the power to enact that where a case is tried in the municipal court of Atlanta, DeKalb division, and a verdict and judgment are rendered therein, before the losing party can carry the case by certiorari to the superior court he

must first make a motion for new trial as prescribed by the act of 1929 (Ga. Laws 1929, p. 368) (compare, besides the cases listed in the first question submitted by the Court of Appeals, *Empire Investment Co.* v. *Hutchings,* 166 *Ga.* 749, 144 S. E. 209; *Aspironal Laboratories* v. *Mallinckrodt Chemical Works,* 180 *Ga.* 544, 179 S. E. 709), for the reason that no such condition to the issuance of the writ, in the situation stated, was placed in the act by the legislature, and we will not read such a requirement into it. None of the cases above referred to dealt with the issue now involved, though the principle decided in many of them is similar. The first question submitted is answered in the affirmative.

■ Since in section 2 of the act referred to it is provided that new trials may be granted in the DeKalb division of the municipal court of Atlanta upon the same grounds upon which new trials may be granted in the superior courts of this State, and according to the same procedure, "except as it may hereinafter be provided;" and since further, under the general law governing motions for new trials in the superior court, a motion for new trial may be filed during the same term at which the verdict was rendered, and within thirteen days of its rendition, it must follow that the second question submitted must also be answered in the affirmative, unless there be a clear provision in the act under investigation that denies a party the right to file a written motion for new trial during the term and within thirteen days of the rendition of the verdict. An examination of the act shows that it contains no such prohibition. Accordingly the second question is also answered in the affirmative. *All the Justices concur.*