28564. CITY INVESTMENT COMPANY *v.* CRAWLEY.

DECIDED NOVEMBER 16, 1940.

*Ezra E. Phillips*, for plaintiff.

*Noah J. Stone, T. B. Clarkson*, for defendant.

STEPHENS, P. J. The City Investment Company filed in the superior court of DeKalb County a petition for certiorari. The following facts appeared from the petition: On June 21, 1935, the City Investment Company filed in the municipal court of Atlanta, DeKalb section, (now civil court of DeKalb County), suit against W. L. Crawley on a note. The defendant filed a plea (cross-action) and an answer to which the plaintiff demurred. Before the case was reached for trial the defendant filed a motion to dismiss the suit. A hearing was had upon this motion on August 22, 1935. The judge of the trial court having indicated that he was going to sustain the motion of the defendant and dismiss the suit, for the reason that it appeared from the face of the note that it was void and unenforceable, Ezra E. Phillips, the plaintiff's attorney, on August 28, 1935, wrote a letter addressed to the trial court, as follows: "Re City Investment Company *v.* W. L. Crawley, No. 47. The above suit is hereby dismissed, and the court is hereby requested to enter this dismissal of record in the above-stated case, and send a bill to the plaintiff in the Citizens &

Southern National Bank Bldg., Atlanta, Georgia, for the costs."
On August 29, 1935, the defendant's counsel was "duly notified
thereof by the court." On the next day the defendant, through his
attorney, Noah J. Stone, wrote to the judge of the trial court a
letter in which he objected to the dismissal of the suit. A copy
of this letter was sent to the plaintiff's counsel. Whereupon the
plaintiff's attorney and the defendant's attorney had a telephonic
conversation with reference to the production of documentary evi-
dence without the usual statutory notice to produce, in which
conversation these attorneys differed as to the effect of the letter
written by the plaintiff's attorney to the court, dismissing the suit
on the note. After this conversation, these attorneys met upon the
street, and in conversation relative to the matter the defendant's
attorney advised the plaintiff's attorney that unless the plaintiff
would produce certain documentary evidence without the required
legal notice to produce, the defendant would have to ask for a con-
tinuance of the case.

The case was set down for trial on September 5, 1935; and
neither the plaintiff nor its attorney being present in court, a
verdict and judgment were obtained by the defendant against the
plaintiff on the cross-action, for $52.85 and costs of court. Later
on that day, learning of the rendition of the verdict, the plaintiff's
attorney requested that the verdict be vacated and set aside, because
he had overlooked the fact that the case was on the calendar for
trial on that day, and because of the misunderstanding between
counsel for the parties. Counsel for the defendant would not con-
sent to the vacation of the verdict and judgment, and the plaintiff
filed in the trial court a motion to vacate and set aside the verdict
and judgment, accompanied by a brief of the evidence and the rule
nisi duly entered thereon on the 18th day of September, 1935. On
September 20, 1935, the motion was amended, and on the same day,
at the hearing, the defendant moved to dismiss the plaintiff's
motion. On September 23, 1935, the judge sustained the defend-
ant's motion, and dismissed the motion of the plaintiff to vacate
and set aside the verdict and judgment in favor of the defendant
on the cross-action. Thereupon the plaintiff filed in DeKalb su-
perior court a petition for certiorari, in which error was assigned
upon the verdict and judgment in favor of the defendant, "and
also to the order overruling the demurrer of the plaintiff to the

defendant's plea and answer, and also excepting to the judgment of the court dismissing the plaintiff's motion to vacate, arrest, and set aside said verdict and judgment." The defendant moved in the superior court to dismiss the petition for certiorari which motion was sustained; and error was assigned on that judgment, in a bill of exceptions to the Court of Appeals.

The Court of Appeals, conforming to answers to questions certified to the Supreme Court in the case, reversed the ruling of the trial court. *City Investment Co.* v. *Crawley*, 59 *Ga. App.* 61 (200 S. E. 316), s. c. 187 *Ga.* 48 (199 S. E. 747). On May 9, 1939, the judge of the superior court of DeKalb County entered an order sustaining the plaintiff's certiorari, as follows: "It appearing that this case having been dismissed on motion, and the Court of Appeals having certified the questions to the Supreme Court, and under the answer of the Supreme Court that the plaintiff in certiorari had a right to make a motion for a new trial during the term, and that it did make said motion, and the same was dismissed by the judge of the trial court: therefore it is ordered and adjudged that said certiorari be and the same is hereby sustained, and said case is remanded to the trial court in order to pass upon the questions presented in the motion for new trial. This May 9, 1939." Thereupon a hearing was had in the trial court on the original motion to vacate and set aside the verdict and judgment in favor of the defendant on the cross-action; and on July 31, 1939, the judge of the trial court entered an order overruling such motion, as follows: "A motion for a new trial having been filed on September 17, 1935, in the above-stated case, and coming on to be heard, and W. L. Crawley, defendant in said action and plaintiff in the cross-bill, having written off the sum of $27.85 of said judgment against City Investment Company, and after argument by counsel, it is considered, ordered, and adjudged that the said motion for a new trial be and the same is overruled on each and every ground thereof."

The plaintiff thereupon filed the present petition for certiorari, in which error was assigned upon the above order and judgment as contrary to law and the evidence. The judge of the superior court overruled the petition for certiorari, and the plaintiff excepted and assigned error on the ground that "it was and is contrary to law, because, as plaintiff contends, said judge should have

sustained said certiorari, because the rulings under review in said certiorari should have been reversed because the judgment of the municipal court of Atlanta, DeKalb division, against plaintiff in error in this bill of exceptions on its motion to vacate and set aside the judgment in favor of W. L. Crawley against City Investment Company, which motion was in the nature of a motion for a new trial, should have been sustained, and because the original judgment in favor of W. L. Crawley and against City Investment Company on the alleged cross-bill in the municipal court of Atlanta, DeKalb section, should never have been entered, and because said judgment on said alleged cross-bill in favor of W. L. Crawley against City Investment Company, rendered on September 5th, 1935, for $52.85, was contrary to law, contrary to the evidence, and without any evidence to support it, and should have never been entered, and said certiorari should have been sustained because all of the rulings therein complained of were erroneous, and because on the hearing of said certiorari said judge of DeKalb superior court should have set aside all of the judgments previously entered in the municipal court of Atlanta, DeKalb section because they were all illegal because contrary to law, contrary to evidence, and without evidence to support them, and because alleged verdict rendered by the jury in the case was contrary to law, contrary to the evidence, and without any evidence to support it; and said judge of said DeKalb superior court should have sustained said certiorari because it sought a ruling that City Investment Company had effectually dismissed the case in the municipal court of Atlanta, DeKalb section, before any judgments were entered therein, and that therefore there could have been no judgments entered or trial had in said case after the dismissal of said case; and said judge of said DeKalb superior court should not have overruled said certiorari but should have sustained the same, because said certiorari complied with all the legal requirements of a certiorari proceeding and properly set out numerous valid, legal assignments of error."

There is not attached to the petition for certiorari, or contained therein or elsewhere in the record, any of the pleadings referred to in the case, or any of the evidence adduced upon the trial thereof. It does not appear what was the subject-matter of the defendant's cross-action. The grounds upon which the plaintiff sought to set aside the verdict and judgment against it on the cross-action do

not appear. The petition for certiorari does not show any error upon the part of the trial court. The plaintiff filed a demurrer to the defendant's cross-action. Whether the trial court passed upon this demurrer, or what disposition was made thereof before the verdict in favor of the defendant on the cross-action, does not appear from the petition for certiorari. This court is unable to ascertain whether the court erred in passing upon the demurrer to the defendant's cross-action, or in failing to pass upon the same, and whether or not the cross-action set up a valid matter for a plea of recoupment or a counterclaim. It is impossible for this court to determine whether the court erred in allowing the verdict and judgment in favor of the defendant on the cross-action to stand, and whether the court erred in overruling the motion of the plaintiff to set aside and vacate such verdict and judgment. It does not appear that the judge of the superior court erred in overruling and denying the plaintiff's petition for certiorari.

*Judgment affirmed. Sutton and Felton, JJ., concur.*