As respects cases tried in the civil court of Fulton County and appealed to the appellate division of said court, a bill of exceptions (for the purpose of review by the Court of Appeals of the Supreme Court) to a judgment of the appellate division of said court affirming the decision of the trial judge must be presented to the Chief Judge of the appellate division of said court for certification within the time, from the rendition of the judgment complained of, provided for by law for presenting for certification bills of exceptions to judgments and orders of the superior courts, as prescribed by the Code, § 6-902. The question here answered was not involved in the cases cited by the Court of Appeals.
All the Justices concur.
 No. 13950. JANUARY 15, 1942. *Page 329 
The Court of Appeals (in Case No. 29140) certified the following question: "As respects cases tried in the civil court of Fulton county and appealed to the appellate division of said court, must a bill of exceptions (for the purpose of appeal to this court or the Supreme Court) to a judgment of the appellate division of said court affirming the decision of the trial judge be presented to the chief judge of the appellate division of said court within fifteen days from the date of the ruling complained of, as is provided with reference to bills of exceptions to a judgment of the trial judge of said civil court to this court and the Supreme Court, as provided in section 42(b), act of 1933 (Ga. L. 1933, pp. 290, 292); or, under the provision contained in section 42(g) thereof, may the bill of exceptions be presented to the Chief Judge of the appellate division of said court for certification within the time, from the rendition of the judgment complained of, provided for by law for presenting for certification bills of exceptions to judgments and orders of the superior courts, as prescribed by the Code, § 6-902? See act of 1933 (Ga. L. 1933, pp. 290, 292, 294, § 42 b, g, h); act of 1913 (Ga. L. 1913, pp. 145, 168, § 42 c, g, h); Dillon v.Continental Trust Co., 179 Ga. 198, 207 (175 S.E. 652);Gavant v. Berger, 182 Ga. 277 (185 S.E. 506).