## 32116. ALLEN v. HIX GREEN BUICK COMPANY.

GARDNER, J. (a) This court is without jurisdiction to pass upon a bill of exceptions purporting to assign error on a judgment of the trial court where, as here, the bill of exceptions was not presented to the trial judge within the time limit prescribed by the law.

(b) An act approved March 10, 1933 (Ga. L. 1933, p. 290, section 1, subsection 42-b) reads as follows: "Should the judge decline to grant said oral or written motion for new trial, as the case may be, he shall pass an order to that effect. All rulings of the trial court which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of and ordered filed and transmitted to the Appellate Division of said court or to the Court of Appeals or the Supreme Court, as the case may be, as hereinafter provided for in case of appeals to said Appellate Division or bills of exceptions to the Court of Appeals or Supreme Court." The provisions of this section as applied to the Civil Court of Fulton County are still of force. It would seem that the law with reference to procedure and practice in the Civil Court of Fulton County, which is the offspring, as it were, of the Municipal Court of Atlanta, has been the source of considerable misunderstanding in interpretation on the part of the bench and bar, and much study and consideration on the part of the reviewing courts. See *Dillon* v. *Continental Trust Co.,* 179 *Ga.* 198 (175 S. E. 652); *Gavant* v. *Berger,* 182 *Ga.* 277 (185 S. E. 506); *Royal Millinery Co.* v. *Elgin Hat Co.,* 193 *Ga.* 328 (18 S. E. 2d, 468); *Henderson* v. *American Telephone &c. Co.,* 71 *Ga. App.* 607 (1) (31 S. E. 2d, 662); *Patterson* v. *Harbin,* 72 *Ga. App.* 549 (34 S. E. 2d, 557). We have no doubt that the act creating the Civil Court of Fulton County, and the acts amendatory thereof require that a bill of exceptions which seeks to assign error on a judgment of the trial court overruling a motion for a new trial, as here, must be presented to the trial judge within 15 days from the date of the judgment overruling the motion for a new trial.

(c) But it is contended by the plaintiff in error that the Code (Ann. Supp.), § 81-1507, superseded the act relating to the Civil Court of Fulton County in this regard. That section reads: "The provisions of the Rules of Procedure, Pleading, and Practice in Civil Actions adopted by the Supreme Court on January 12, 1946, and now ratified and confirmed, shall apply to all suits in the superior courts of this State except those proceedings specifically excepted in § 81-1506, and shall also apply to all matters pertaining to service, pleading and practice in cases in city courts where not inconsistent with the acts creating such city courts or acts amendatory thereof. (Acts 1946, pp. 761, 780)." It is contended that the motion to dismiss the bill of exceptions in this case should not be granted. This contention is based on the argument that the General Assembly (Ga. L. 1946, p. 726), amended § 6-902 cumulative pocket part of the Code of Georgia, and that the time limit in which bills of exceptions may be presented was changed to 20 days and made applicable in

all cases including those arising in the Civil Court of Fulton County. We do not think this contention is well taken. It will be noted that in Code (Ann. Supp.), § 81-1507 the legislature provided that the *"rules of procedure, pleading," and practice* in civil actions "shall apply to all suits in the superior courts of this State . . and shall apply . . in *city courts* where not inconsistent with the acts creating such city courts or acts amendatory thereof." The Civil Court of Fulton County is not what we generally know as a city court in this State. Even if it were a city court, the provision that a bill of exceptions must be tendered within 15 days from the judgment complained of would be inconsistent with the 20-day period under the new rule. So in neither event would the 20-day limit supersede the 15-day limit. Therefore, the bill of exceptions in the instant case being admittedly presented to the trial judge more than 15 days from the date of the judgment of the trial court overruling the motion for a new trial, leaves this court without jurisdiction to entertain the bill of exceptions and without any authority to pass upon or determine any assignment of error embraced therein. The motion to dismiss is sustained and the bill of exceptions is

*Dismissed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 13, 1948.

*Robert T. Speer, F. L. Breen, S. L. Mascotti,* for plaintiff in error.

*Louis Regenstein Jr., Turner Paschal, Smith, Kilpatrick, Cody, Rogers & McClatchey,* contra.

*Dismissed. MacIntyre, P. J., and Townsend, J., concur.*