### 34236. ROSE *v.* MAYOR &c. OF THUNDERBOLT.

CARLISLE, J. By the terms of Section 34 of the Act of 1921 (Ga. L. 1921, pp. 1122, 1140), "Any person who has been convicted in the said Mayor's Court and on appeal to the Mayor and Aldermen of the Town of Thunderbolt, the conviction has been affirmed, such defendant may, by giving notice of an intention to certiorari, suspend the judgment and be released from custody at once, upon giving the usual certiorari bond with security in such sum as may be fixed by the Mayor, or the Mayor pro tem., for his appearance; provided, that the certiorari from the said Mayor and Aldermen shall be sued out within thirty days from the date of the judgment of the Mayor and Aldermen. No certiorari shall be sued out unless an appeal is taken before the Mayor and Aldermen as provided in the preceding section"; and, where it appears that, following his conviction in the Mayor's court of Thunderbolt, the defendant filed a timely appeal to the Mayor and Aldermen of Thunderbolt, but withdrew it before any decision was made thereon, and thereupon sued for the writ of certiorari from the Superior Court of Chatham County, the superior court did not err in its refusal to sanction the writ for the defendant's failure to pursue the prerequisite appeal provided for in the aforementioned act of 1921.

2. While the General Assembly may not, under the provisions of the Constitution (Code, Ann., § 2-3905) abolish the writ of certiorari, it may provide that this remedy is available only after the defendant

has exhausted his remedies in the municipal court. *Orr* v. *Southern Acceptance Co.,* 162 *Ga.* 400 (134 S. E. 80); *Von Schmidt* v. *Noland Co.,* 176 *Ga.* 784 (169 S. E. 11); *Crider* v. *Hughes,* 36 *Ga. App.* 82 (135 S. E. 491); *Holloman* v. *Southland Loan & Investment Co.,* 37 *Ga. App.* 10 (138 S. E. 862). Having failed to pursue his appeal to a conclusion, the defendant applied for the writ of certiorari prematurely.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 10, 1952—REHEARING DENIED SEPTEMBER 23, 1952.

*Sullivan & Maner,* for plaintiff in error.
*Julius S. Fine,* contra.