Roach *vs.* Sulter.

PATRICK ROACH, plaintiff in error, *vs.* HENRY SULTER, defendant in error.

1. When a bill of exceptions was filed to the judgment of the city court of Savannah, on the ground that the verdict was contrary to the evidence, and was dismissed by this court:

*Held*, that the party complaining might still file a *certiorari* to the superior court within three months from the dismissal of the case in this court.

2. Under the facts as set forth in the record, it was not error in the judge of the superior court of Chatham county to refuse to sanction the *certiorari*. Substantial justice, according to the evidence, was done by the verdict of the jury.

*Certiorari*. Statute of limitations. New trial. Before Judge JAMES JOHNSON. Chatham county. At Chambers. June 25, 1874.

At the May term, 1873, of the city court of Savannah, the above stated cause was tried, and resulted in a verdict in favor of the plaintiff, Sulter. Roach brought said cause, by writ of error, to this court. All the errors complained of may be comprised in the two general grounds that the verdict was contrary to the law and the evidence. No motion for a new trial was made. When the case was called in this court, on motion of counsel for defendant in error, the writ of error was dismissed: See 51 *Georgia Reports*, 169. This judgment was entered in said city court on June 22d, 1874. On June 25th Roach presented his petition for *certiorari* to the judge of the superior court, who refused to sanction the same. To this ruling the petitioner excepted.

One ground of objection to the petition was that it was too late. The other, that substantial justice had been done by the verdict. To report the latter would illustrate no principle of law.

JOHN M. GUERRARD, by brief, for plaintiff in error.

T. R. MILLS, Jr., by A. B. SMITH, for defendant.

McCay, Judge.

1. The constitution gives a writ of error to this court from the decisions of the city court, and there is, also, by the constitution, a *certiorari* allowed to issue by the judge of the superior court to correct the errors of all inferior judicatures. On the writ of error filed to this court the plaintiff's case was *dismissed.* Until that dismissal was had the case was not finally disposed of by the city court. Its judgment was suspended, superseded by the writ of error. Under the decision of this court, in 22 *Georgia,* 359, the party had his three months from the dismissal to apply for his new proceeding.

2. But we think the court was right in refusing the *certiorari* on the merits. It is true that the weight of evidence was in favor of the idea that this was a mortgage and not a sale. But the papers and the evidence of the plaintiff were on the side of a sale, and it was competent for the jury, under the evidence, so to find. Under this view of it, is not the verdict sustainable by the evidence ? The wagons and the harness seem to be still intact, and even the defendant below admits that it was the interest of both parties that the horses bought should take the place of the mules. This would leave in the possession of the defendant in the action in the city court a plenty of property to justify the verdict. A money verdict was competent, in the election of the plaintiff, under section 3564 of the Code. On the whole, as substantial justice is done, as the *certiorari* turns upon a purely technical idea, and the verdict is for about what the defendant himself admits he is due the other, we think the verdict ought to stand.

Judgment affirmed.