CHENEY *et al.*, for use, *vs.* NEWTON, commissioner, *et al.*

1. The county board of education is a court of limited jurisdiction, and before they can try an application for an order to pay money to a teacher, it must appear that the account has been audited by the county commissioner.
2. There being no evidence on which a verdict could be founded in this case, a non-suit was properly awarded.
(*a.*) For a refusal by a county school commissioner to audit a claim, *mandamus* will lie to compel him to do so.

County Matters. Education. Judgments. Courts. Jurisdiction. Before Judge LAWSON. Greene Superior Court. March Term, 1881.

The county board of education of Greene brought suit for the use of Thornton against Newton, and others, on the bond given by said Newton as the county commissioner of education in said county.

They alleged that the county board of education in said county, at their regular meeting on the first Tuesday in January, 1879, passed an order which was duly entered upon the minutes of said board, which order allowed the claim of Jesse M. Thornton on the common school fund of 1878, and directed the payment of the same by said county school commissioner. They alleged further that said commissioner had violated the conditions of his bond, for that, notwithstanding said order requiring him to pay over to Jesse M. Thornton his *pro rata* of the school fund for the year 1878, and notwithstanding the said Newton had had in hand money belonging to the common school fund for said year sufficient to pay said Thornton's claim as required by said order the said Newton, disregarding his duties as said commissioner, and in violation of the conditions of his bond, failed and refused, and still fails and refuses, to pay the claim of said Thornton as required by said order.

Defendants alleged as matter of defense that the order

recited in plaintiff's declaration, was appealed from by the said Newton, and that the appeal has been adjudicated by the state school commissioner, and a decision rendered adversely to plaintiff's right to compensation out of the school fund for 1878. It is further alleged that the claim of said Thornton on the school fund for the year 1878, is not a valid and legal claim, for the reason that said Thornton was never recommended by the local board of trustees of his district, and never made a contract with the county commissioner of education as required by law; and that said order passed by the county board of education is void, because of uncertainty, and because it was passed in violation of the established rules of the county board of education.

The following testimony was introduced by plaintiffs:

Thornton testified that he taught school in Greene county in 1878; that he was a licensed teacher, but did not have a contract for the reason that the county school commissioner refused to give him a contract; that he was recommended by the local board of trustees; that he made out his account, which was correct, and it was presented by his attorney to Newton for payment; that he appeared before the board of education of Greene county, and the board decided to pay his claim; that he made a contract with the patrons of his school, whereby he was to teach during the school year, not including the three months for teaching the public school, for so much, and was to be paid by the school board out of the school fund, for the free term; and that the account presented to Newton was the same account which the board directed, by their order, Newton to pay.

Lumpkin testified that he was the attorney for Thornton and presented his account to Newton for payment, and that Newton stated that the account was made out properly, but refused to pay it.

Caldwell testified that he was a member of the board of education of Greene county when the claim of Thornton

was before said board ; that the order allowing said claim was passed by the board at the January term, 1879 ; that the board passed the order because they were satisfied, from the evidence, that the failure of Thornton to get a contract was due to a misunderstanding of the law by the local board of trustees of the district where Thornton taught, and they were satisfied, from the evidence, that Thornton and his patrons had been misled by said local board of trustees, and had not been negligent themselves in getting a contract to teach ; that they consider it equit-able and right that Thornton should be paid ; that the local board, supposing that they could recommend any number of applicants, signed for Miss Rhodes, who re-ceived a contract from the county commissioner, and when Thornton applied he could not get a contract, although he and his patrons supposed he could, having been so in-formed by said local board of trustees ; that Miss Rhodes taught school the same year near Thornton's school, and both schools combined had more pupils than the law would allow one teacher; that Newton was present when the claim of Thornton was before the board and opposed it, at both terms, as the case was before the board at two meetings ; and that there was sufficient money in the school fund for that year to pay Thornton's claim.

Plaintiffs introduced the books of the minutes of the board of education containing the order passed by said board, which was as follows :  " Resolved, that the claim of Jesse M. Thornton be allowed, and the county school commissioner be directed to pay him accordingly." Said order was signed by the president and secretary of the board.

Plaintiffs introduced the account presented to Newton for payment which was against the board of education for the sum of $117.00. in favor of Thornton for services ren-dered as teacher of a public school for the free term of three months, in the year 1878.

The bond of defendant was admitted and plaintiff closed.

Cheney *et al.*, for use, *vs*. Newton, commissioner, *et al.*

On motion a non-suit was granted and plaintiff excepted.

W. W. LUMPKIN; H. T. & H. G. LEWIS; C. HEARD, for plaintiffs in error.

JNO. C. HART; E. H. ORR, for defendants.

JACKSON, Chief Justice.

This suit was brought by the teacher of a school in Greene county against the county school commissioner and his sureties for breach of the official bond of the commissioner in not paying the teacher's account under the order of the board of education.   The account was never audited by the commissioner, no contract was ever made by legal authority with this teacher, but another had been employed that year for that school district and taught in it.   At the close of the plaintiff's evidence which showed these facts, the court granted a non-suit, and this is the error assigned here.

Undoubtedly the board of education is a court to determine local questions of this sort, 61 *Ga.*, 413; but it is a court of limited jurisdiction, and the proceedings of record must show enough to make the jurisdiction apparent on their face.   Before this court — the board of education sitting as such — has jurisdiction to try the right of this teacher to the money sued for, the account sued for must be audited by the county school commissioner. Code, §1263.   This not only does not appear on the face of the resolution or judgment of this court of limited jurisdiction, and expressly limited as to this subject matter by the section of the Code above cited, but it does not appear from the evidence introduced on the hearing before the board.   On the contrary, it does appear from the uncontradicted evidence of the plaintiff, that the commissioner refused to audit the account.   This judgment, therefore, concluded nobody, the board of education having no jurisdiction to order the account paid until it had been audited according to law.

2. Nobody being concluded by the judgment, the question arises was the judgment right on the facts? Clearly not.

Though licensed, this teacher had not been employed, and therefore was not entitled to be paid by the trustees of a fund out of which only those employed could be paid. The court below was therefore right to grant the non-suit.

If this teacher was wrongfully treated by the commissioner in the refusal to audit his account so as to give the board of education jurisdiction, his remedy was by *mandamus* to compel this ministerial officer to do his duty, if it was his duty to audit it. But if he had pursued that remedy under the facts here, it would have resulted in no benefit to him, because the commissioner was right not to audit the account of a teacher who had not been employed to teach by the proper authorities who controlled this whole business of common schools for the county of Greene.

The system is a general one, controlled by employment of teachers—select teachers—who alone have the right to draw on this fund. Private teachers, however competent and trustworthy, have no right to participate in it unless employed to teach for it. This plaintiff was not so employed, and there is no breach of this bond in the refusal to pay him, because the commissioner did exactly what the law, his master, required him to do when he declined to pay the account.

Cited for plaintiff in error, Code, §§1259–1263; 61 *Ga.*, 413.

For defendant: Const., art. 8, sec. 1–3; Code, 1272, 1253, 1257, 1261; acts of 1877, p. 118; Code, 1271, 1263, 1265, 3594; 9 *Ga.*, 130; 12 *Ib.*, 424; 13 *Ib.*, 68; Code, 1254–5.

Judgment affirmed.