## BARBER *et al.* v. ALEXANDER *et al.*

1. The constitution preserves local school systems as they existed in 1877, and permits municipal corporations and counties to establish and maintain public schools in their respective limits. Civil Code, § 5910.

2. These provisions form necessary exceptions to the uniformity otherwise required by the constitution (Civil Code, § 5906), but do not apply to schools in rural districts.

3. Whatever may be the right of towns and counties to establish and maintain public schools, the constitution requires that in other respects the public school system shall be as nearly uniform as practicable. Civil Code, § 5906.

4. The general law declares that each county shall compose one school district. The act incorporating the Olive Springs School District, approved August 18, 1903, creates a district within a district, destroys territorial uniformity, and sets apart one locality in the State in which an existing general law is not longer to be of force. Civil Code, § 5732; Pol. Code, § 1353.

5. This special act interferes with the general school law contained in the Political Code, §§ 1338–1408, and is violative of that provision of the constitution (Civil Code, § 5732) which provides that "laws of a general nature shall have uniform operation throughout the State, and no special law shall be

enacted in any case for which provision has been made by an existing general law."

Argued April 5, — Decided May 12, 1904.

Injunction.    Before Judge Gober.    Cobb superior court.    December 10, 1903.

By special act approved August 18, 1903, the General Assembly incorporated the Olive Springs School District in Cobb county, providing that the schools therein should not be under the control of the county board of education, but "shall be controlled by the trustees of said district, who shall report direct to the State School Commissioner." These trustees were to be elected by the voters of the district, and were to have control of the schools therein, employ teachers, fix their compensation and duties, cause a school census to be taken, and to receive their pro rata of the school fund direct from the State. Alexander and others, alleging themselves to be taxpayers, freeholders, and patrons of Douglas Chapel School, filed an equitable petition against the Olive Springs trustees, alleging that Douglas Chapel Academy was in the new district, that the trustees proposed to abandon it and establish another school far less convenient for the attendance of petitioners' children. They prayed for an injunction restraining the new trustees from enforcing the provisions of the new act, and also for a decree declaring the Olive Springs act unconstitutional and void, as being a special law enacted in a case for which provision has been made by an existing general law (Civil Code, § 5732), and further, because it was in violation of the uniformity in the public school system required by the constitution. Civil Code, § 5906. The chancellor granted the injunction, and the defendants excepted.

*N. A. Morris*, by *Z. D. Harrison*, for plaintiffs in error.
*W. E. Talley*, contra.

LAMAR, J. The general law contained in Political Code, § 1353, provides that each county in the State shall compose one school district. The special act approved August 18, 1903, creates a district within a district, destroys territorial uniformity, and sets apart one locality of the State in which the general law is not longer to be of force. If there can be one such independent school district in Cobb county, there may be a dozen. If one or more in Cobb,

then so likewise in every county in the State. Each special act might differ in its terms, with the result of variety, where the constitution requires uniformity. Civil Code, § 5906. The Olive Springs school act not only creates a district different from all others existing under the general law, but it abrogates all of the provisions of the act regulating public schools, codified in the Political Code, §§ 1354–1408. It takes from the present county board of education control of the schools in existence in the newly created district, and allows them to be managed by local trustees, under new terms, and without the supervision to which all other public schools in the State are subject, contrary to the prohibition contained in the constitution against special legislation. Civil Code, § 5732.

Nor is the act saved by the provisions of the Civil Code, § 5910. *Smith* v. *Bohler*, 72 *Ga.* 546. The constitution preserved the local systems as they existed in 1877. It also permitted municipal corporations and counties to establish and maintain public schools in their respective limits. Civil Code, § 5909; Pol. Code, § 1394; *Irvin* v. *Gregory*, 86 *Ga.* 605; *Brand* v. *Lawrenceville*, 104 *Ga.* 486. These provisions form necessary exceptions to the uniform system of public schools otherwise required by the constitution. Civil Code, § 5906. And whatever may be the right of a county, city, or town to establish special or local systems, the constitution (Civil Code, § 5910) grants no power to the General Assembly to authorize the establishment and maintenance of a special or local school system in a rural district. On that subject the constitution is not silent. It declares that " there shall be a thorough system of common schools for the education of children in the elementary branches of an English education only, as nearly uniform as practicable, the expenses of which shall be provided by taxation or otherwise." Civil Code, § 5906. This uniformity has been provided for in the act of 1887. Pol. Code, §§ 1354 et seq. The constitution prohibits the destruction of this uniformity; and the chancellor properly held that the Olive Springs school act was void.

*Judgment affirmed.* *All the Justices concur, except Candler, J., disqualified.*