2646.  TAYLOR *v.* NATIONAL CASH REGISTER COMPANY.

RUSSELL, J.  Under the ruling in *Conder* v. *Holleman,* 71 *Ga.* 93, it was error to decline to allow the claimant to prove that the indebtedness of the defendant in attachment to the plaintiff arose before the date of the conditional sale and the claimant's reservation of title; and for this reason, if for no other, the judge of the superior court properly sustained the certiorari.                                    *Judgment affirmed.*

DECIDED SEPTEMBER 20, 1910.

Certiorari; from Fulton superior court—Judge Bell.  April 14, 1910..

*Hines & Jordan,* for plaintiff in error.

*Anderson, Felder, Rountree & Wilson, E. D. Thomas,* contra.

---

2737.  MARKS *v.* THE STATE.

RUSSELL, J.  1. The right of certiorari is a constitutional right, and may be used to review any judgment of an inferior judicatory.  It may be exercised without moving for a new trial in the court in which the case was tried, or it may be used as a means of reviewing the judgment upon a motion for a new trial; and the right is unaffected by anything that may have transpired in the lower court, if the remedy is pursued in due time.

2. The statements of a petition for certiorari, properly verified when the petition is presented for sanction, are to be presumed true until the coming in of the answer.  As the evidence upon the trial, as appears from the brief of the evidence approved by the judge of the city court and incorporated in the petition for certiorari, did not authorize the conviction of the defendant, his certiorari should have been sanctioned.
                                                        *Judgment reversed.*

DECIDED SEPTEMBER 20, 1910.

Certiorari; from Jasper superior court—Judge Lewis.  May 20, 1910.

*Doyle Campbell,* for plaintiff in error.

*Joseph H. Pottle, solicitor-general,* contra.