## EMPIRE INVESTMENT COMPANY *v.* HUTCHINGS.

1. In so far as the act (Ga. L. 1925, p. 463) amending the act (Ga. L. 1913, p. 252) creating the municipal court of Macon attempts to limit the jurisdiction of the superior court in the matter of granting writs of certiorari, it is unconstitutional and void.

2. The amendment of 1912 to the constitution, authorizing the General Assembly to provide, as to courts established in lieu of abolished jus-.

tices' courts, rules and procedure as to new trials and correction of errors by the superior court, etc., is not to be construed as authority to limit the jurisdiction of the superior court to grant writs of certiorari, as conferred by the constitution, art 6, sec. 4, par. 5.

No. 6279.   August 17, 1928.

Certiorari.   Before Judge Malcolm D. Jones.   Bibb superior court.   September 27, 1927.

*L. U. Bloodworth,* for plaintiff in error.

*E. F. Goodrum,* contra.

Hill, J.   Art. 6, sec. 4, par. 5, of the constitution of this State declares that "The superior court shall have power to correct errors in inferior judicatories, by writ of certiorari, which shall only issue on the sanction of the judge."   Civil Code (1910), § 6514.   The act approved August 7, 1925 (Acts 1925, p. 463), to amend an act, approved August 16, 1913, establishing the municipal court of Macon, provides:   "(a) In all cases in said court wherein the principal sum claimed or the value of the property in controversy does not exceed twenty-five dollars, tried by the judge thereof without a jury, the judgment of said court shall be final and conclusive, and no appeal and no review by writ of certiorari shall be allowed.   (b) In all cases in said court, tried by the judge thereof without a jury, in which the principal sum claimed or the value of the property in controversy, exceeds twenty-five dollars, and in all cases tried before a jury, upon announcement of judgment by the court, or upon rendition of the verdict of the jury, any party or his counsel may make an oral motion for new trial before judgment is entered in said case.   Unless said motion for new trial is made as herein provided, the parties shall be held to have waived their right to move for a new trial, except upon the grounds on which extraordinary motions for new trial may be made.   Said motion shall be heard at such time as the court, in its discretion, may set for a hearing, and no brief of the evidence shall be required; provided that the judge of said court shall have power to grant but one new trial in each case, and from the judgment granting a new trial there shall be no appeal or review, the case standing for retrial de novo.   (c) In all cases not embraced by paragraph (a) of this section, and in which the principal sum claimed, or the value of the property in controversy, does not exceed one hundred dollars, from the judgment of said court making final disposition of said case, an appeal shall lie by writ of

error to the superior court of Bibb County, and a bill of exceptions shall be tendered, certified and filed, under the same rules as apply to bills of exception from the superior courts of the State; provided, however, that said bill of exceptions shall be tendered within ten days from the judgment complained of, and served and filed within ten additional days, and the judgment of said superior court, making disposition of said case shall be final, and shall not be subject to review by any appellate court. (d) From the judgment of said municipal court, City of Macon, refusing to grant a new trial, or making final disposition of any case, in which the principal sum claimed, or the value of the property in controversy, exceeds one hundred dollars, an appeal shall lie to the Court of Appeals of Georgia by writ of error, and a bill of exceptions shall be tendered, certified, and filed, under the same rules as apply to bills of exceptions from the superior courts of this State; provided, however, that the bill of exceptions shall be tendered within ten days from the judgment complained of, and served and filed within ten additional days. Sec. 2. Be it further enacted by the authority aforesaid, that the procedure, and method of review, appeal, and of new trials as to the municipal court, City of Macon, provided for in section 1 of this act, shall be exclusive of all other methods of review, appeal, or new trials provided for by law; and no appeal shall lie from said court to any other court by any other statutory method of procedure, or by the constitutional writ of certiorari."

1. This act purports to limit the jurisdiction of the judges of the superior court in the matter of granting petitions for certiorari to judgments in the municipal court of Macon; and in so far as it attempts any limitation on the jurisdiction of the superior court, it is violative of the above-quoted provision of the constitution and void.

2. The clause in the amendment to the constitution as proposed by the act of 1912 (Acts 1912, p. 30), relating to abolition of justices' courts and establishment of other courts in lieu thereof, in the discretion of the General Assembly, which provides that the General Assembly may make "such provisions as to rules and procedure in such courts as to new trials and correction of errors in and by said courts, and with such further provisions for the correction of errors by the superior court, or the Court of Appeals, or

the Supreme Court, as the General Assembly may from time to time in its discretion provide or otherwise," is not to be construed as authorizing the General Assembly to cut down or limit the jurisdiction of the superior court to grant writs of certiorari in all cases coming under the above-quoted provision of the constitution. The provision of the act of 1912 would authorize the General Assembly, in creating courts as contemplated by the act, to provide legal machinery for correction of errors committed in the court by petition for certiorari to the superior court, but not to take away from the superior court any power which it originally had under the constitution.

The judge of the superior court did not err in overruling the motion to dismiss the petition for certiorari, which was predicated on the provisions of the act of 1925 supra. The case of *Hutchings* v. *Roquemore*, 164 *Ga.* 637 (139 S. E. 216), differs from the case at bar; for there the constitutional question was not ruled on by the trial court, and was raised for the first time in the bill of exceptions; whereas in the instant case the question as to the unconstitutionality of the act of 1925 was raised in the court below in the motion to dismiss the petition for certiorari, and was ruled on by the trial court adversely to the plaintiff in error.

*Judgment affirmed. All the Justices concur.*