## BOARD OF PUBLIC EDUCATION AND ORPHANAGE FOR BIBB COUNTY *v.* STATE BOARD OF EDUCATION *et al.*

No. 13273.   June 21, 1940.   Rehearing denied July 13, 19, 1940.

*Turpin & Lane,* for plaintiff.

*Ellis G. Arnall, attorney-general, Marshall L. Allison* and *E. J. Clower, assistant attorneys-general,* for defendants.

BELL, Justice. The Board of Public Education and Orphanage for Bibb County filed a petition against the State Board of Education and its members, seeking the writ of mandamus. The purpose of the suit was to compel the defendants to apportion to the plaintiff Bibb County's share of the public school fund of the State, in accordance with a special act passed by the General Assembly in reference to Bibb County, August 23, 1872 (Ga. L. 1872, p. 388), instead of applying the basis prescribed by the act of February 10, 1937, known as the equalizing-opportunities act, as amended by the act of March 24, 1939 (Ga. L. 1937, p. 882; Ga. L. 1939, p. 408). By section 3 of the act of 1872 it was declared that Bibb County's "pro rata" share of the public-school fund should be determined "by the ratio which the number of children, white and colored, in said county, between the ages of six and eighteen, bears to the number of white and colored children in the State, between the ages of six and eighteen." The act of 1937 prescribed a basis of apportionment different from and in conflict with that provided by the act of 1872, and less favorable to the plaintiff, as it contended. The petition contained among others the following allegations:

"21. Petitioner avers that the only legal basis on which a distribution of the common-school tax funds may be made to it is the basis prescribed in section 3 of the act establishing and chartering petitioner, and it is the announced intention of the defendant herein named to disregard the basis prescribed in said special act and to apply to petitioner the basis prescribed in said act of 1937, which basis has no application to this petitioner, so that the act or acts of the defendants herein named applying such basis to this petitioner is contrary to law.

"22. Petitioner avers that it is the legal duty of the defendants herein named to apportion and allot to petitioner the pro rata share of Bibb County of the common-school tax funds of the State of Georgia on the basis and in the manner prescribed in the special act of the General Assembly of the State of Georgia hereinbefore set forth and referred to.

"23. Up to the present time petitioner has elected and petitioner does for the present elect to receive its share of the common-school tax funds of the State of Georgia on the basis prescribed in section 3 of the act establishing and chartering it.

"24. Petitioner has consistently demanded of the defendants herein named that in the distribution of the common-school tax funds of the State the basis prescribed in the aforesaid special act be allowed as the only legal and lawful basis of distribution; but petitioner is now advised and notified that its demands will not be complied with in the future.

"25. Petitioner avers that the act approved March 24th, 1939, does not serve to change the rights of petitioner to have its proportion of tax funds allotted to it on the basis of the act of 1872, and specially avers that said act of March 24th, 1939, is contrary to the provisions of paragraph 1 of section 5 of article 8 of the constitution of 1877, in that said paragraph provides that existing school systems shall not be affected by this constitution.

"26. Petitioner further avers that said act of March 24th, 1939, does not expressly in terms, or by necessary implication, or by revision, or in any other manner repeal or amend or affect the special act chartering petitioner under which petitioner's rights are fixed, but that on the contrary said special act is still of full force and effect, and petitioner is entitled to have distributed to it its proportion of the school-tax funds of said State under the terms and provisions of said special act."

The court dismissed the petition on general demurrer, and the plaintiff excepted.

The act of 1937 applied as a general law to all counties of the State, except that in section 3 was a proviso "that those counties in which the public schools are operated under special acts recognized and continued by the constitution of 1877 shall be governed by the provisions of this act, except where the same is in conflict with any such special act." In *Board of Education and Orphanage for Bibb County* v. *State Board of Education*, 186 *Ga.* 200 (7) (197 S. E. 261), it was held that in view of the quoted proviso this statute did not repeal section 3 of the act of 1872, as to apportionment to Bibb County. The act of 1939 amended the act of 1937 by striking the proviso. Two contentions are presented by the plaintiff: (1) that the act of 1937, as amended by the act of 1939, did not, according to the terms of these statutes and the intention of the legislature, have the effect of repealing section 3 of the special act of 1872, on which the plaintiff relied; (2) but that even if such repeal was intended and sufficiently expressed,

the act of 1939 is invalid as violating the provision of the constitution of 1877 that "Existing local school systems shall not be affected by this constitution" (Code, § 2-7001), and that with this act eliminated there would be no statute purporting to change apportionment as related to Bibb County, in view of the excepting clause contained in the act of 1937, as construed in *Board of Education for Bibb County* v. *State Board*, supra.

■ Regarding the first contention, let it be said that the present case and that of *State Board of Education* v. *County Board of Education of Richmond County*, 190 *Ga.* 588, involving a similar question, have been considered together, and so have the briefs filed in both cases. We have reached the conclusion that there was an implied repeal as to each of the local acts, and have discussed the question in an opinion this day delivered in the *Richmond County* case. In that case, in view of the provisions of the Richmond County act (Ga. L. 1872, p. 456), we had to cover the *same* ground as in the case at bar, and more. So we may dispose of the question here by simply making reference to that decision.

■ The second contention, as amplified in the argument and briefs, is that the clause "Existing local school systems shall not be affected by this constitution," so preserved and fixed the status of the existing system of Bibb County that the special act establishing it could never thereafter be amended or repealed by a mere act of the General Assembly; or, in other words, that it is a positive inhibition against legislative enactment, and consequently a change could only be made by constitutional amendment. It is further insisted that this court has passed upon substantially the same question in several previous cases, and in each instance has determined it favorably to the local school system. We may say first that we can not agree with counsel as to the effect of our previous decisions. In *Smith* v. *Bohler*, 72 *Ga.* 546, decided in 1885, the constitutional questions related in the main to the validity, under the constitution of 1868, of certain provisions of the Richmond County act, purporting to empower the county board of education to assess a tax for educational purposes. After otherwise sustaining the act, the decision concluded with the following statement: "The questions relied on with propriety by the able and learned counsel for plaintiffs in error are the constitutional points first considered. The others, we suppose, were hurriedly thrown

in, many of them, as ballast or make-weight. On those constitutional questions, it may be well to add that, so far as general provisions of the constitution of 1877 may be argued to affect the system of education in Richmond County, that constitution itself provides a complete answer. The first paragraph of the fifth section of the eighth article of that constitution declares: 'Existing local school systems shall not be affected by this constitution. Code, § 5208 [1882], [1933, § 2-7001].'" The clear meaning of this statement was that in view of the clause quoted in the last sentence the "general provisions" of the constitution did not affect the local system; that is, the constitution itself did not change it. It was not held that the local act could not be amended or repealed by act of the General Assembly, and no such question was involved.

In *Barber* v. *Alexander*, 120 *Ga.* 30 (47 S. E. 580), the court was dealing with a special act passed by the legislature in 1903, attempting to incorporate the Olive Springs School District, which was a rural district in Cobb County. It was held that this special law violated the provision of the constitution which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law" (Code, § 2-401), there being at that time a general law providing that each county should compose one school district. In the opinion it was stated: "Nor is the act saved by the provisions of the Civil Code, § 5910. *Smith* v. *Bohler*, 72 *Ga.* 546. The constitution preserved the local systems as they existed in 1877." In this statement the court was simply explaining that since the act purporting to create the Olive Springs School District was passed *after* adoption of the constitution, it was not saved by that instrument, as were *existing* local school systems. The expression that the constitution preserved the local systems as they existed in 1877 was manifestly not intended as a ruling or decision to the effect that such systems could never be changed by legislative action; but even if the statement might be construed otherwise, it would amount only to a dictum, because no such question was involved.

The case of *State Board of Education and Orphanage for Bibb County* v. *State Board of Education*, 186 *Ga.* 200, supra, was decided before the passage of the act of 1939. The State Board of

Education sought to apply to Bibb County the apportionment basis of the act of 1937. The county board instituted mandamus proceedings to compel apportionment in accordance with section 3 of the local act, and in reply this act was attacked, on various grounds, as invalid under the constitution of 1868. This court, after holding that the act was not invalid for any reason urged, further stated that it was not repealed by the constitution of 1877, but on the contrary was "preserved" by the clause that "Existing local school systems shall not be affected by this constitution;" but neither did that case involve any question as to whether the quoted clause would prohibit amendment by legislative enactment. After the rulings on the other question presented, there remained for determination the proper *construction* of the act of 1937, and especially the proviso in section 3 in relation to local systems recognized and continued by the constitution of 1877. It was held that this proviso excluded "from operation of the act all laws of such local school systems as had been recognized and continued by the constitution of 1877 that were in conflict with said act of 1937," and that under this construction section 3 of the incorporating act of 1872 was not repealed by the later act. It was further said, however, that to give a different construction to the excepting clause of the act of 1937 would by implication destroy that which the constitution expressly declared "shall not be affected," and that "no such legislative intent should be ascribed to the act of 1937." This latter statement is now relied on as a binding decision to the effect that the constitution actually prohibited any change or modification in the local systems by a mere act of the General Assembly. It must be conceded that the statement tends by its terms to support the present position of the plaintiff; but it was made only by way of argument, purported to deal with a question which was not then before the court, and hence can not be treated as a ruling or decision upon the question now presented. One of the Justices filed a special concurrence in that case. Nothing of course could have been decided in such special concurrence; but it might now be said of it that it went no further towards expressing an opinion upon the present question than did the opinion delivered for the court. Nor was any ruling made on the question in *State Board of Education* v. *Board of Public Education of Savannah*, 186 *Ga.* 783 (199 S. E. 641).

Since it thus appears that the question is an open one, let us now consider the clause "Existing local school systems shall not be affected by this constitution." In this connection, we think it is of some importance that in a later portion of the constitution, referring to the relative rank and superiority of stated laws, it was declared that "All laws now of force in this State, not inconsistent with this constitution and the ordinances of this convention, shall remain of force until the same are repealed or modified by the General Assembly" (Code, § 2-8503); and that in a still later paragraph it was provided that "Local and private acts passed for the benefit of counties, cities, towns, corporations, and private persons, not inconsistent with the supreme law, nor with this constitution, and which have not expired nor been repealed, shall have the force of statute law" (Code, § 2-8504). In a previous section was a provision that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law" (Code, § 2-401), and provision had also been made for "a thorough system of common schools . . as nearly uniform as practicable" (Code, § 2-6601). It was probably on account of the two last-mentioned provisions that the framers of the constitution deemed it advisable to insert the clause that existing local systems should not be affected. Otherwise the constitution itself might have abolished them, and the avoidance of any such result was apparently the sole purpose of the clause in question. We can not sustain the contention that it was the purpose of this clause to perpetuate existing systems as against any possible change by the legislature so long as the constitution itself remained of force, and without amendment in relation to these systems. Any such construction would virtually lift the special acts from the realm of legislative action and incorporate them as parts of the constitution itself. We think on the contrary that they were merely continued in effect, with "the force of statute law" (Code, § 2-8504), until "modified or repealed by the General Assembly" (§ 2-8503). If they were not "affected" by the constitution, it must necessarily be true that they were neither strengthened nor weakened by that instrument, but were simply left to stand as if the constitution itself had not been adopted. The constitution did "preserve" and continue them to this extent, that is, against destruction or

588

modification by any provision which the constitution itself contained; but further than this it did not go. It is our opinion that the act of 1939 is not unconstitutional as contended, and that on the whole the petition failed to state a cause of action. The judgment sustaining the general demurrer is therefore

*Affirmed. All the Justices concur.*