30592. BEARD *v.* THE STATE.

DECIDED SEPTEMBER 20, 1944.   REHEARING DENIED NOVEMBER 17, 1944.

*Francis G. Jones Jr.,* for plaintiff in error.

*D. P. Philips, solicitor, Roy Leathers, solicitor-general,* contra.

MACINTYRE, J.   On June 25, 1943, the city court of Decatur sentenced James Beard to one year on the public-work camp of DeKalb County, for abandonment of his children, a misdemeanor. This sentence was suspended on the condition that he pay to his wife for the support of his children the sum of $12.50 per week. On April 18, 1944, the judge of the city court of Decatur revoked the suspension of said sentence, and the order revoking the same stated that the sentence should be for twelve months beginning with and running from April 18, 1944.   Beard attacked this order by petition to the superior court for a writ of certiorari, which was duly sanctioned on May 19, 1944.   On May 23, 1944, the judge of the superior court revoked the order sanctioning the petition and denied the writ, and in so doing rendered the following judgment:   "The writ of certiorari in the within case having been presented to the court and sanctioned on the 19th day of May, 1944; and it being the opinion of the court that said writ of certiorari was improperly sanctioned, for the reason that defendant's remedy would be by writ of error to the Court of Appeals and not by certiorari to this court: Therefore, it is ordered that said order sanctioning said certiorari be, and is hereby revoked."   This judgment is assigned as error on the ground that it is contrary to law. It might be noted that in the bill of exceptions the judge certified

that the "order revoking the sanctioning of said certiorari [was issued] for the single and only reason that defendant's remedy would be by writ of error to the Court of Appeals, and not by certiorari to the superior court of DeKalb County."

Counsel for the State contend that the constitution of Georgia, art. 6, sec. 2, par. 9 (Code, § 2-3009), when it says that "the Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities," made an exception in the proper procedure for correction of errors, with reference to these courts, in that any correction of errors in the said courts should be submitted by proper procedure to the Court of Appeals instead of by certiorari to the superior court. We can not agree with this contention, for this amendment created the Court of Appeals, and the words quoted above simply gave jurisdiction to this court to rule on direct writs of error from the "superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities."

The city courts of Atlanta and Savannah, created by special acts of the General Assembly, existed at the time of the adoption of the constitution in 1877, and the constitution did not affect them. Under this constitution, the Supreme Court was given jurisdiction "for the trial and correction of errors of law from the superior courts and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities." Art. 6, sec. 2, par. 5 (Code, § 2-3005). Since the adoption of the constitution of 1877, the Court of Appeals has been created by an amendment thereto in which it is provided that "the Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court." It is conceded that the city court of Decatur is a like court to the city courts of Savannah and Atlanta. (The latter court was abolished by special act in 1935. Ga. L. 1935, p. 495, sec. 1.)

The act of 1922 (Ga. L. 1922, p. 248, sec. 11), creating the city court of Decatur, provides "that any case trial in the city court of Decatur may be carried by writ of error, upon bill of exception, to the Court of Appeals of Georgia for review, in the same manner and under the same rules of procedure as in the superior courts." Under this act, a defendant, who is dissatisfied with the judgment in the city court of Decatur, has the right to come directly to this court by bill of exceptions. This privilege is merely cumulative, and in no sense does this act deprive, or undertake to deprive, a party of the constitutional privilege of certiorari, for under the constitution (par. 5, sec. 4, art. 6; Code, § 2-3205), the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari." It was stated in *Roach* v. *Sulter*, 54 *Ga.* 458, 459, that "the constitution gives a writ of error to this court [city court of Savannah] from the decisions of the city court, and there is, also, by the constitution, a *certiorari* allowed to issue by the judge of the superior court to correct the errors of all inferior judicatures." The city court of Savannah is an inferior judicatory, both as to civil and criminal jurisdiction, within the meaning of the law, and a writ of certiorari will lie to correct its judgments. *Dixon* v. *Sable*, 147 *Ga.* 623, 624 (95 S. E. 240). In the *Roach* case, it was even said that "when a bill of exceptions was filed to the judgment of the city court of Savannah, on the ground that the verdict was contrary to the evidence, and was dismissed by this court . . the party complaining might still file a certiorari to the superior court within three months from the dismissal of the case in [the Supreme Court]." Where a party is dissatisfied with a judgment of the city court or an inferior judicatory, and desires to have the judgment corrected by the superior court, he may apply for the writ of *certiorari* as prescribed in the constitution and the laws of this State. *Hayden* v. *State*, 69 *Ga.* 731. If he is dissatisfied with the judgment of the city court, and does not wish to apply for a writ of certiorari, the constitution and the laws provide for a bill of exceptions direct from the city court to the Supreme Court (or the Court of Appeals). *Maxwell* v. *Tumlin*, 79 *Ga.* 570, 573 (4 S. E. 858). Thus the writ of certiorari exists independently of any statute (*Livingston* v. *Livingston*, 24 *Ga.* 379; *Smith* v. *Joiner*, 27 *Ga.* 65); and the constitution having expressly declared that the superior

courts shall have this power, no statute can take such power away from them. *McElhannon* v. *State,* 112 *Ga.* 221, 223 (37 S. E. 402); *Empire Investment Co.* v. *Hutchings,* 166 *Ga.* 749 (144 S. E. 209); *Walker* v. *State,* 8 *Ga. App.* 214 (68 S. E. 873); *Marks* v. *State,* 8 *Ga. App.* 283 (68 S. E. 951). The fact that the act creating the city court of Decatur and art. 6, sec. 2, par. 9 (Code, § 2-3009), of the constitution do not refer to the right of certiorari does not deprive the superior court of its constitutional power to review by certiorari the judgments of the court in question. *Daughtry* v. *State,* supra.

The judge of the superior court, having revoked the sanction of the certiorari on the single and only ground that the defendant had no remedy by certiorari, and thus not having ruled upon the assignments of error in the certiorari, and this court having decided that certiorari was an available remedy for the plaintiff in certiorari, we think that the judge of the superior court should now have a right to pass upon the assignments of error in the certiorari, before this court undertakes to hear and decide them. Thus the assignments of error in the certiorari argued in this court will not be heard at this time. *Wyche* v. *Greene,* 16 *Ga.* 49, 62 (5).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

### ON MOTION FOR REHEARING.

MacIntyre, J. In its motion for a rehearing the State contends: "That the court had the undoubted right to revoke the suspended sentence imposed in this case, and that a reversal of the case could confer no benefit upon the plaintiff in error, and that the judgment should be affirmed." The judge of the superior court dismissed the certiorari for the one and only reason that the plaintiff in error did not have the right of certiorari to the superior court—that such a remedy was not available to him—and we held that the court erred in so doing. We do not think that the principle of law sought to be invoked by the State "that a reversal of the case could confer no benefit upon the plaintiff in error, and that the judgment therefore should be affirmed," is applicable. To illustrate: There is one instance at least where a reversal might be of benefit to him, and that is that under the law he is entitled to have the judge of the superior court render a decision on his assignments of error in the certiorari, and if this decision should be in his favor, there could be no appeal there-

from, for the reason that this is a criminal case and the matters thus decided would be final whether the superior court's decision were right or wrong. As yet, he has not had such a decision, and he is entitled to have a decision of the judge of the superior court on his assignments of error in the certiorari. In this particular case we think that the proper procedure is that the case be returned, so that the judge of the superior court may pass upon the exceptions in the certiorari. As to these exceptions we say nothing, for the judge of the superior court has not passed upon any of them and the plaintiff in error, in a criminal case, is entitled to a decision from which, if in his favor, there is no appeal.

This and all other matters in the motion having been considered, the motion for rehearing is

*Denied. Broyles, C. J., and Gardner, J., concur.*