34719. MAYOR &C. OF UNION POINT *et al.* v. JONES *et al.*

TOWNSEND, J. 1. Under the provisions of art. VI, sec. IV, par. V of the Constitution of Georgia (Code, Ann., § 2-3905), the writ of certiorari is a judicial remedy for the review and correction of errors in inferior judicatories, which cannot be abrogated by statute where it is otherwise applicable. *Beard* v. *State*, 71 *Ga. App.* 747 (32 S. E. 2d 121); *Roach* v. *Sulter*, 54 *Ga.* 458.

2. Under statutory provisions, the State Board of Education is vested with final and conclusive jurisdiction in all school matters which may be appealed from any county or city board of education. Code (Ann.) § 32-414.

3. The acts of officers and tribunals other than courts may be of an administrative or quasi-judicial character, depending upon the nature of the act to be performed, rather than the office, board or body which performs it. Judicial or quasi-judicial action implies the interpretation, application, and enforcement of existing law relating to subsequent acts

of persons amenable thereto, rather than the setting up of rights and inhibitions; and embraces the determination of rights and interests of adverse parties who are entitled, before adjudication, to notice and hearing,. and the opportunity to present evidence under judicial forms. Administrative action, as defined in this State, includes not only merely ministerial acts, but many decisions by responsible public officers involving judgment and discretion; and such officers, in arriving at decisions, may be free to investigate and determine proper methods and procedures, although their final decision is ex parte in nature, as distinguished from decisions based upon evidence which parties at interest have an absolute right to present and insist upon. *Southview Cemetery Assn.* v. *Hailey*, 199 *Ga.* 478 (34 S. E. 2d 863); *Southeastern Greyhound Lines* v. *Georgia Public Service Commission*, 181 *Ga.* 75 (181 S. E. 834, 102 A. L. R. 517); 11 C. J. 121, § 68. Where under the law the act is administrative in character, the mere fact that a hearing has been granted and information presented by members of the public does not change the substance from an administrative to a judicial procedure; and where the action is administrative, the right of appeal authorized by statute to a supervisory board merely constitutes an additional administrative remedy.

4. Applying the foregoing rules of law, certiorari will not lie to the superior court to review an administrative review by the State Board of Education of an administrative act of the Board of Education of the County of Greene, where, as here, the county board, in the exercise of its discretionary administrative power fixed by law (Code § 32-912), caused a school plant survey to be made, and thereafter adopted the same by resolution, which action had the effect of approving a recommendation incorporated in the survey that the county establish at Greensboro a single consolidated high school instead of the two existing school plants, and where the State board, on appeal as provided by law (Code, Ann., § 32-414), acting in its discretionary administrative capacity, reviewed this act and affirmed it.

5. Without deciding whether or not a county board of education and the State Board of Education may in certain instances act in a judicial or quasi-judicial capacity, it appears that the action of both here was purely administrative, and the decision of the latter became final as provided in Code (Ann.) § 32-414, supra.

6. No question is presented for decision by the record in this case as to whether or not the remedy of certiorari may ever be available from any decision of the State Board of Education to the superior court, as the result of a possible conflict between the constitutional provisions of Code (Ann.) § 2-3905, referred to in the first headnote hereof and Code (Ann.) § 2-6501 (art. VIII, sec. II, par. I of the Constitution of Georgia), specifically granting to the State Board of Education the powers and duties enumerated in Code (Ann.) § 32-414, as stated in the second headnote, supra.

7. Accordingly, the judge of the superior court did not err in dismissing the petition for certiorari.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 19, 1953—REHEARING DENIED OCTOBER 5, 1953.

*Lewis & Boyd, Bloch, Hall, Groover & Hawkins*, for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, Kay Tipton, Joseph G. Faust*, contra.