## 40053. MORMAN v. PRITCHARD, Chairman.

Decided July 11, 1963—Rehearing denied July 30, 1963.

*Glenn G. Dickenson, Isaac S. Peebles, Jr.,* for plaintiff in error. *Franklin H. Pierce,* contra.

BELL, Judge. ■ ■ The writ of certiorari is a constitutional remedy and where appropriate it cannot be abolished by the General Assembly. *Code Ann.* § 2-3905. *Hayden v. State,* 69 Ga. 731 (1); *Empire Investment Co. v. Hutchings,* 166 Ga. 749 (144 SE 209); *Aspironal Laboratories, Inc. v. Mallinckrodt Chemical Works,* 180 Ga. 544 (179 SE 709); *City Investment Co. v. Crawley,* 187 Ga. 48 (199 SE 747); *Mayor of Union Point v. Jones,* 88 Ga. App. 848 (1) (78 SE2d 348). It is also a statutory remedy available where a party shall be dissatisfied with the decision or judgment rendered in a cause heard in "any inferior judicatory, or before any person exercising judicial powers." *Code* § 19-203. Certiorari is an appropriate remedy to review the judgment of an inferior judicatory only when the tribunal exercises judicial or quasi-judicial powers. *Bryant v. Board of Ed. of Colquitt County,* 156 Ga. 688 (1a) (119 SE 601); *City of Cedartown v. Pickett,* 193 Ga. 840, 842 (1) (20 SE2d 263); *Smith v. Mayor of Macon,* 202 Ga. 68, 69 (1) (42 SE2d 128).

■ Although the precise point has not been adjudicated by our appellate courts, it cannot be disputed that certiorari must be available to review a decision of a county board of education rendered in a cause where the board properly exercised judicial powers within its limited judicial jurisdiction. From early times and continuing to the present day, it has been held repeatedly by our Supreme Court that a county board of education is at times a court of limited jurisdiction, and its decisions rendered in this sphere are judicial in nature. *Pierce v. Beck,* 61 Ga. 413 (1); *Cheney v. Newton,* 67 Ga. 477 (1); *Clark v. Cline,* 123 Ga. 856, 865 (51 SE 617); *Hodges v. Talbert,* 135 Ga. 253, 257 (2) (69 SE 103); *Board of Ed. of Long County v. Board of Ed. of Liberty County,* 173 Ga. 203 (2) (159 SE 712); *Boney v. County Board of Ed. of Telfair County,* 203 Ga. 152 (1a), 155 (45 SE2d 442);

*Patterson v. Boyd,* 211 Ga. 679, 681 (2) (87 SE2d 861); *Warren v. Davidson,* 218 Ga. 25, 27 (126 SE2d 221). All of these decisions were based on statutes containing language substantially the same as the one now extant. See *Code Ann.* § 32-910 (Ga. L. 1961, p. 39).

While it is true that the public school system of Richmond County is one of those falling within the constitutional protection of Art. VIII, Sec. X, Par. I, *Code Ann.* § 2-7301, which reads that, "Public school systems established prior to the adoption of the Constitution of 1877 shall not be affected by this Constitution," this provision has been construed by the Supreme Court as not constituting a prohibition against legislative enactment changing the laws governing these local school systems. *Board of Public Ed. &c. for Bibb County v. State Board of Ed.,* 190 Ga. 581 (2), 584-588 (10 SE2d 365); *State Board of Ed. v. County Board of Ed. of Richmond County,* 190 Ga. 588 (10 SE2d 369). The General Assembly, by virtue of this construction of the Supreme Court and of the powers given it by the Constitution as expressed in *Code Ann.* § 2-6501, had ample authority to enact the statute found in *Code Ann.* § 32-910, Ga. L. 1961, p. 39, and to make its provisions applicable to all of the county, city, or other independent boards of education *regardless of when created.* This provision reads as follows:

"The county, city or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary, and when such board has made a decision, it shall be binding on the parties; provided however, either party shall have the right to appeal to the State Board of Education, which appeal shall be made through the local superintendent of schools in writing and shall distinctly set forth the question in dispute, the decision of the local board, a transcript of the testimony and other evidence adduced before the board certified as true and correct by the local superintendent, and a concise statement of the reasons why the decision below is complained of. This section shall apply to all county, city, or independent school systems in this state, regardless of when

created. The State Board shall provide by regulation for notice to the parties and hearing on the appeal."

This Act is applicable to the Board of Education of Richmond County. Reading it as in pari materia with the local Act applicable to Richmond County, Ga. L. 1949, pp. 1435-1460, the 1961 Act does not change or amend anything found in the Act of 1949. Basically, the 1961 Act merely affects the 1949 Act in the cumulative sense that it adds the provision according the right of appeal from the decisions of the local board to the State Board of Education. *There is no provision whatsoever in the 1949 Act providing for appeals from the decisions of the local board.* Insofar as the 1961 Act applies to the Richmond County Board in constituting it "a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary, and when such board has made a decision, it shall be binding on the parties," this provision is perfectly compatible with the 1949 Act and, in practical effect, is merely further definitive and cumulative of the judicial powers already accorded to the Richmond County Board by Section 11 of the Act of 1949.

Section 11 of the Act of 1949, insofar as appropriate to this discussion, reads as follows: ". . . the teacher shall be entitled to a clear statement in writing of the grounds of the proposed removal and an opportunity to be heard thereon before the Board of Education, personally or by counsel, which hearing shall be public. The President or Vice-President of the Board shall subpoena at the request of the teacher all witnesses whose testimony would be pertinent to the matter in hand. After such hearing, the decision of the Board of Education shall be final."

In a full-bench decision the Supreme Court in an opinion delivered by Mr. Justice Almand, stated that, "should it appear that the acts complained of were of a judicial nature, then the writ of certiorari would lie for the correction of any errors. *City of Cedartown v. Pickett,* 193 Ga. 840 (1) (20 SE2d 263); *Gibbs v. City of Atlanta,* 125 Ga. 18 (53 SE 811). This court in *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 480 (34 SE2d 863), defined the distinction between a legis-

lative and a judicial function as follows: 'The chief distinction between a legislative and judicial function is that the former sets up rights or inhibitions, usually general in character; while the latter interprets, applies and enforces existing law as related to subsequent acts of persons amenable thereto . . . The basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, *is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure.*' " *Anderson v. McMurry*, 217 Ga. 145, 150 (121 SE2d 22). And see *South View Cemetery Assn. v. Hailey*, 199 Ga. 478 (34 SE2d 863).

In *Anderson* the Supreme Court concluded that a hearing conducted under the terms of a statute meeting this criterion was a quasi-judicial proceeding, and the writ of certiorari lies to review the rulings and findings of the judicatory body. Analogous to the statute and facts in *Anderson*, it is clear that under the Act of 1961, as well as under the Act of 1949, the discharged teacher here had a right to appear before the Board of Education of Richmond County, had a right to be heard, had a right to notice in advance of the hearing, and had a right to present witnesses and give evidence before the board, and the decision of the board was binding on the board and on the teacher concerned. It is equally clear that a hearing conducted under this procedure and this power constituted a judicial or a quasi-judicial proceeding, and the writ of certiorari lies to review the rulings and findings of the judicatory board.

There remains one question to be determined in relation to the general matter under consideration in this division of the opinion. This query is whether the petition seeking a writ of certiorari was prematurely brought because it came direct from the judgment of the local board without recourse to the appeal to the State Board of Education as authorized by *Code Ann.* § 32-910, Ga. L. 1961, p. 39.

As we view the statute and the decisions, the writ was not prematurely brought.

It is to be noted that the 1961 statute is *completely silent* with

respect to the remedy of certiorari. The Act of 1961 neither precluded the remedy as did the statute under consideration in *Empire Investment Co. v. Hutchings,* 166 Ga. 749, supra, where the act was held to be unconstitutional for that reason, nor did it require the exhaustion of the remedy by appeal as a condition precedent to bringing certiorari as did the act reviewed and upheld in *Orr v. Southern Acceptance Co.,* 162 Ga. 400 (134 SE 80) ; and in *Rose v. Mayor of Thunderbolt,* 86 Ga. App. 867 (72 SE2d 823). Rather, the Act of 1961, p. 39, is analogous to that discussed in the case of *City Investment Co. v. Crawley,* 187 Ga. 48, 50, supra, where the Supreme Court by a full-bench decision answered affirmatively a certified question of the Court of Appeals and authorized the remedy of certiorari directly from a municipal court to the superior court without first requiring a motion for new trial as prescribed by the act under review, and stated that: "With us, the right of certiorari is a constitutional right . . . It exists independently of any statute . . . The Constitution having expressly declared that the superior courts 'shall have power to correct errors in inferior judicatories by writ of certiorari,' no statute can take such power away from them. . . It is not necessary for us to decide whether or not the General Assembly has the power to enact that where a case is tried in the Municipal Court of Atlanta, DeKalb Division, and a verdict and judgment are rendered therein, before the losing party can carry the case by certiorari to the superior court he must first make a motion for new trial as prescribed by the Act of 1929 (Ga. Laws 1929, p. 368) . . . for the reason that no such condition to the issuance of the writ, in the situation stated, was placed in the act by the legislature, and we will not read such a requirement into it."

As held in the case of *Stephens v. Bell,* 41 Ga. App. 353, 356 (153 SE 99), we hold here that certiorari is a *proper* remedy but not the exclusive remedy as the complaining party could have elected to proceed by appeal to the State Board of Education as authorized by *Code Ann.* § 32-910. However, neither is the appeal to the State Board of Education the exclusive remedy. The complaining party here had the right under the circumstances of this case to elect either the remedy of certiorari or the remedy

of appeal to the State Board of Education. *Pierce v. Felts,* 146 Ga. 809 (2a) (92 SE 541) ; *Seagraves v. Powell Co.,* 143 Ga. 572, 577, 578 (85 SE 760).

One more comment is appropriate. The possibility of a conflict between the constitutional provisions of *Code Ann.* § 2-3905 and *Code Ann.* § 2-6501, as raised by the provisions of *Code* § 32-414, all as suggested by Judge Townsend in *Mayor of Union Point v. Jones,* 88 Ga. App. 848 (6) (78 SE2d 348), has been eliminated by the repeal of *Code* § 32-414 by Ga. L. 1961, p. 39, Sec. 1. By this repealing act, the State Board of Education no longer is statutorily vested with "final and conclusive jurisdiction" in all school matters which may be appealed from any county or city board of education.

The trial court erred in dismissing the writ of certiorari on the basis of grounds 5 and 6 of respondent's motion to dismiss.

■ The petition in certiorari was not subject to the objections raised in grounds 1, 2, and 3 of respondent's motion to dismiss.

Numerous objections to rulings of law and the admission of testimony, all made in the hearing before the adjudicatory board, were distinctly set forth and detailed by petitioner and assigned as error in her petition for certiorari. In addition, petitioner assigned as error that the judgment of the board in dismissing petitioner as a teacher in the Richmond County schools was without evidence to support it. The petition is amply sufficient under the requirements of *Code* § 19-402 as amended by Ga. L. 1961, p. 190, Sec. 8.

The trial judge erred in dismissing the petition for certiorari based on grounds 1, 2, and 3 of respondent's motion to dismiss.

■ ■ Ground 4 of respondent's motion to dismiss complains that the petition for certiorari should be dismissed as it is directed to F. J. Pritchard, Chairman of the Board of Education of Richmond County, and not to the tribunal itself which was the Board of Education of Richmond County.

The prayer of the petition seeks a "Writ of certiorari directed to the Honorable F. J. Pritchard, Chairman of this Board of Education of Richmond County, Georgia." The court sanctioned the petition and directed the issuance of the writ "as prayed." The writ as issued by the Clerk, Superior Court, Rich-

mond County, was directed "To F. J. Pritchard, Chairman, Board of Education of Richmond County, Georgia," but delineated in part that petitioner alleges "that at a meeting of the Board of Education of Richmond County on the 23rd day of August, 1962, action was taken by the Board of Education to discontinue her employment as a teacher in the public schools of Richmond County, with which action petitioner is dissatisfied." Service of process was entered by the sheriff as serving "the defendant Board of Education of Richmond County by serving F. J. Pritchard, President."

The motion to dismiss and the answer of respondent are each styled "F. J. Pritchard, Chairman of the Board of Education of Richmond County, Georgia," although in the initial paragraph of each the words are used that, "Now comes F. J. Pritchard, President of the County Board of Education of Richmond County, Georgia."

It is certainly true that *Code* § 19-203 requires the clerk of the superior court, after the judge has sanctioned the writ, to issue a writ of certiorari directed to the "tribunal . . . whose decision or judgment is the subject matter of complaint." It is equally certain that *Code Ann.* § 32-910, Ga. L. 1961, p. 39, and Ga. L. 1949, pp. 1435-1460, each provide that the county board of education constitutes the tribunal for hearing a controversy such as this. It follows that the prayer of the petition seeking issuance of the writ directed to "F. J. Pritchard, Chairman of the Board of Education of Richmond County, Georgia," was erroneous and faulty. The writ as so directed was faulty.

Ordinarily, neither the faulty prayer seeking issuance of the writ directed to the wrong party nor the subsequent erroneous direction of the writ would necessarily be fatally defective before final judgment, as the General Assembly by Ga. L. 1961, Sec. 9, extended authorization for amendments to certiorari proceedings. *Code Ann.* § 19-403. The petition could have been amended to correct the defect before final judgment. *Crown Laundry v. Birch*, 205 Ga. 211 (1) (53 SE2d 116). However, the record here does not show that a request was made by the petitioner for additional time within which to amend nor does it show that an amendment was offered prior to the time of the

judge's final order of dismissal. In this situation, there can be no complaint that the petition was dismissed. *Wold v. Northcutt,* 107 Ga. App. 365 (130 SE2d 257); *Compton v. Weekes,* 107 Ga. App. 283 (129 SE2d 824); *Ripley v. Eady & Mayfield,* 106 Ga. 422 (32 SE 343).

■ The *manner* of the service upon the "Board of Education of Richmond County by serving F. J. Pritchard, President" is not defective in this case as the Act of 1949, pp. 1435-1460, Sec. 2, at p. 1440 specifically states that: *"Corporate Powers of Board.* And be it further enacted, that the said Board of Education shall be a body politic and corporate in law, and as such may contract and be contracted with, sue and be sued, plead and be impleaded in any court of the State having competent jurisdiction."* It follows that proper service upon the corporate board's chairman or president where the board is a party in a cause is sufficient to constitute service upon the board. *Code* § 22-1101.

For the reason discussed in Division 3(a) of the opinion, the judgment of the trial court in dismissing the petition for a writ of certiorari is

*Affirmed.* *Carlisle, P. J., and Hall, J., concur.*