### 58005. FULLER v. WILLIAMS et al.

DEEN, Chief Judge.

The Crisp County Board of Education did not renew Ms. Fuller's teaching contract for the school year 1975-76. This case originated as a charge of possible physical or emotional child abuse by a teacher. Paddling of children in public schools is not cruel and unusual punishment yet any punishment beyond "corporal punishment as is reasonably necessary" may result in remedial action to deter excesses. Ingraham v. Wright, 430 U. S. 651 (97 SC 1401, 51 LE2d 711) (1977); *Sawyer v. Pacific Indem. Co.,* 141 Ga. App. 298, 299 (233 SE2d 227) (1977). In March of 1975, she requested a hearing before the board, but over the next several months she instituted various legal proceedings which blocked the hearing. Finally, in August of 1975, she filed a second request, a hearing was held, and the board found that it had cause not to issue her a contract for the forthcoming school year. Ms. Fuller appealed this decision to the State Board of Education which reversed the local board holding that it had failed to carry its burden of proof as required by Code Ann. § 32-2101c (e). The local board then applied for a writ of certiorari to the Superior Court of Crisp County and Ms. Fuller moved to dismiss the application, but the superior court granted certiorari, reversed the state board's ruling, and reinstated the local board's decision. Ms. Fuller's appeal from this judgment was dismissed for failure to pay costs timely. *Fuller v. Williams,* 143 Ga. App. 772 (240 SE2d 141) (1977). On June 6, 1978, she filed a motion pursuant to Code Ann. § 81A-160 (d) to set aside the judgment of the superior court on the ground that the court lacked subject-matter jurisdiction to review by means of certiorari a ruling of the State Board of Education. She brings this appeal from the denial of her

motion.

Under Code Ann. § 32-910, either party has the right to appeal to the State Board of Education from a decision made after a hearing before the local board of education. At the time this case arose, there was no provision in this law for an appeal from a ruling by the state board and the Administrative Practice Act had been held not to apply to either the local or state board. *Hood v. Rice,* 120 Ga. App. 691 (172 SE2d 170) (1969). Thus, it appears that the local board could only obtain a review of the state board's decision by writ of certiorari as the Constitution of Georgia, Art. VI, Sec. IV, Par. V (now Code Ann. § 2-3305) provides: "[The superior courts] shall have power to correct errors in inferior judicatories by writ of certiorari, which shall only issue on the sanction of the Judge . . ." Code Ann. § 19-101 specifies when the writ of certiorari shall lie, and this court has repeatedly held that a county board of education is at times a court of limited jurisdiction, and its decisions rendered in this sphere are judicial in nature, and are therefore reviewable by writ of certiorari. *Mormon v. Pritchard,* 108 Ga. App. 247, 250 (132 SE2d 561) (1963). This same rule applies equally to the state board when it hears appeals from decisions rendered by the local boards. Therefore, there is no question that the State Board of Education is an inferior judicatory within the meaning of the Constitution and the sole question to be determined here is to which court is it inferior. This question, however, appears to be one of first impression in Georgia.

The power of a superior court judge to issue a writ of certiorari is limited by Code Ann. § 19-202 which provides: "No judge of the superior court shall grant or issue any writ of certiorari out of his judicial circuit, unless there shall be a vacancy in any of the other circuits, or the judge thereof be indisposed . . . so that the business of granting writs of certiorari cannot be speedily done." Code Ann. § 24-2616 is similar to § 19-202 in providing that superior court judges have authority "1. To grant for their respective circuits writs of certiorari." Code Ann. § 24-2617 also provides for the absence or incapacity of a resident judge.

Code Ann. § 32-439 permits the State Board of

Education to hold committee meetings anywhere within or without the state whenever necessary, "However, *no action of the State Board of Education shall be of force and effect unless such action is taken at a regular or call meeting of the board held at the State Capitol* in the Department of Education as provided by laws." (Emphasis supplied.) Thus, it appears that the State Board of Education is an inferior judicatory of the Superior Court of Fulton County when it renders a decision on appeal. As the state board is required by law to take action only while meeting at the State Capitol in Fulton County and Code Ann. §§ 19-202, 24-2616 limits a superior court judge to granting writs of certiorari only within his circuit unless another judge is absent or incapacitated, the Superior Court of Crisp County does not have subject-matter jurisdiction over decisions rendered by the State Board of Education.

Accordingly, appellant's attack on the grant of the writ of certiorari and the reversal of the decision of the state board as void for lack of subject-matter jurisdiction is valid under § 81A-160 (d), and the superior court erred in denying her motion to set aside the judgment.

*Judgment reversed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 30, 1979 — DECIDED JUNE 28, 1979 — REHEARING DENIED JULY 13, 1979 —

*Haas, Holland, Levison & Gibert, Theodore G. Frankel,* for appellant.

*Hurt & Pfeiffer, James W. Hurt,* for appellees.